■ CITIBANK, N. A., Appellant, v FRANK J. PITASSI, SR., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered on March 6, 1980, denying plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, and the motion granted. The corporate defendant, Bussewitz and Company, borrowed a sum certain from plaintiff Citibank, as evidenced by a promissory note dated June 2, 1978. Defendant Stephen Bussewitz and defendant-respondent Pitassi signed this same note as comakers. The defendants defaulted and Citibank exercised its option, pursuant to the terms and conditions of the note, to declare the unpaid balance immediately due and payable. When defendants failed to pay, Citibank commenced this action for the unpaid balance. Pitassi answered maintaining that the note was incomplete because the date of the first installment payment was left blank, and is thus unenforceable. His answer also raised a cross claim asserting that he

was an accommodation maker, thereby casting liability on his codefendants. Special Term erred in denying plaintiff's motion for summary judgment when it perceived that a factual question existed as to the capacity in which Pitassi signed the note. Pitassi is liable to the payee bank and the capacity in which he signed this note has no effect on his liability. Section 3-415 of the Uniform Commercial Code teaches: "When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation". Additionally, Pitassi's claim that the failure to designate a date on which payment was to commence somehow rendered the note unenforceable is also infirm. If, as respondent alleges, this note was unenforceable, then defendant's payment of five installments thereunder surely amounted to a waiver. Moreover, the failure to fill in a date does not vitiate Pitassi's obligations under the note, for the note then is payable on demand. (Uniform Commercial Code, § 3-108.) Thus, there are no questions of fact and Special Term erred in denying plaintiff's motion for summary judgment. Concur—Sullivan, J. P., Ross, Markewich, Yesawich and Carro, JJ.