■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MOORE, Appellant. — Judgment unanimously affirmed. Memorandum: The trial court properly refused defendant's request to charge sexual abuse because on this record there was no reasonable view of the evidence that would support a finding that the defendant committed only sexual abuse but not rape (CPL 300.50, subd 1; see *People v Shuman,* 37 NY2d 302, 304; cf. *People v Green,* 56 NY2d 427). Once the jurors rejected defendant's alibi, there was no reason for them to selectively dissect the complainant's testimony (see *People v Scarborough,* 49 NY2d 364, 372-373). We have considered defendant's remaining contentions and find them lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — rape, first degree.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.

■ SCOLARO, SHULMAN, COHEN & LAWLER, P. C., Respondent, v GUY EASTER et al., Appellants. — Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: After service on December 20, 1982 of a summons with notice (CPLR 305, subd [b]), plaintiffs moved on March 24, 1983 for summary judgment "in lieu of complaint, pursuant to CPLR § 3213" on five promissory notes and for reasonable attorney's fees "pursuant to the terms of [the] promissory notes." In the interim, defendants appeared in the action on January 10, 1983 and pursuant to their demand a verified complaint was served on January 13, 1983 which alleged seven causes of action including a cause of action based upon the promissory notes upon which it sought attorney's fees. Defendants' answer dated April 8, 1982, which contained general denials and affirmative defenses, was ostensibly served before April 13, 1983, the return day of plaintiff's motion. We agree with defendants that the motion was brought in a manner inconsistent with CPLR 3213 and that it should be denied on that ground. Moreover, the answering affidavits and annexed documents raise triable issues of fact which preclude the granting of summary judgment. Furthermore, the court erred in reserving to plaintiff its contract right to attorney's fees. As a general rule in the absence of a statute expressly authorizing the award of attorney's fees, or unless the parties have otherwise agreed or stipulated, a civil litigant is required to absorb the cost of his own attorney's fees and may not recover them from the other party (*Rahabi v Morrison,* 81 AD2d 434, 437; *Harradine v Board of Supervisors,* 73 AD2d 118, 121). Here, each note contains a provision authorizing any attorney to appear for defendants "after maturity or default, and confess a judgment without process, in favor of the holder of this note [plaintiffs], for such amount as may appear * * * thereon, *together with costs and reasonable attorney's fees"* (emphasis added). This provision applies only to a confession of judgment and cannot be construed to include the circumstances in this case. (Appeal from order and judgment of Supreme Court, Onondaga County, Donovan, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.