■ DE RAN LANDSCAPING SERVICE, INC., Appellant, v DE RAN INDUSTRIES, INC., et al., Respondents. — Yesawich, Jr., J. Appeal from an order and judgment of the Supreme Court at Special Term (Connor, J.), entered January 31, 1984 in Ulster County, which denied plaintiff's motion for summary judgment in lieu of a complaint and granted defendants' cross motion for summary judgment dismissing the action.

On April 13, 1972, plaintiff, De Ran Landscaping Service, Inc. (hereinafter Landscaping), conveyed real property located in the Town of Saugerties, Ulster County, to defendant De Ran Industries, Inc. (hereinafter Industries) in exchange for the latter's

noninterest bearing promissory note in the amount of $25,000, payable in April of 1982. The next day, Landscaping's president, Alan Randall, assigned the note to his wife, Sharon Randall, "in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration". After the note matured, Sharon Randall instituted suit against Industries to recover thereon. Industries challenged the validity of the assignment and a stipulation discontinuing Randall's action was then executed on January 5, 1983. The stipulation provided that the suit was discontinued "with prejudice * * * insofar as it seeks enforcement of the promissory note * * * by [Sharon Randall] based upon the alleged assignment dated April 14, 1972".

In July of 1983, Landscaping brought the instant action to recover on Industries' promissory note and for a determination that a transfer of the Saugerties property by Industries to defendant Eileen Deschaine was void as a fraudulent conveyance. Both sides moved for summary judgment. Special Term granted defendants' cross motion to dismiss the action with prejudice and plaintiff appeals.

We are unable to accept defendants' contention that the stipulation confirms that Sharon Randall, not Landscaping, owns the note, and that Landscaping cannot thus bring an action thereon. And the record, much of which consists of affidavits from counsel who lack personal knowledge of the events attested to and in which principals make conclusory allegations of fraud, does not enable us to conclude, as a matter of law, that the assignment was valid. Indeed, if that had been the case and Sharon Randall had waived her right to enforce a valid assignment, the following express provision of the stipulation would have been unnecessary: "Nothing herein, however, shall be construed so as to be deemed a release, waiver of rights, or prejudicial discontinuance, by Sharon Randall or De Ran Landscaping Service, Inc., or their heirs and assigns, with respect to any claim or course of action based upon the promissory note aforesaid, itself, or any proper assignment thereof other than the assignment dated April 14, 1972".

Nor do we find merit in defendants' argument that Landscaping, a Connecticut corporation whose authority to do business in New York was annulled before this suit was commenced, lacks legal capacity to bring this action. The mere maintenance of an action by such a foreign corporation does not constitute "doing business" within the State (Business Corporation Law § 1301 [b] [1]). Hence, the statutory proscription against actions by unauthorized foreign corporations which are doing business in this State is inapplicable (Business Corporation Law § 1312 [a]).

There being a material triable issue of fact respecting the ownership of the note, summary judgment was inappropriate (*see, Craft Roofing Corp. v Di-Com Corp.*, 57 AD2d 826; *see also, Scolaro, Shulman, Cohen & Lawler v Easter,* 98 AD2d 953, *appeal dismissed* 62 NY2d 646).

Order and judgment modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' cross motion for summary judgment, cross motion denied, and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.