■ ALFRED J. FARONE, INC., Respondent, v THOMAS W. RUHLE et al., Defendants, and WILLIAM BRIELL, Appellant.— Casey, J. Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered February 7, 1985 in Saratoga County, which, inter alia, granted plaintiff's motion for summary judgment against defendant William Briell.

Plaintiff sued on a promissory note signed by defendants Thomas W. Ruhle and William Briell.* Briell contends that Special Term erred in granting plaintiff's motion for summary judgment against him since factual issues exist regarding the status in which he signed the note and whether his obligation on the note has been discharged.

We agree with Special Term's holding that the language of the note preceding the signatures of Ruhle and Briell is inconsistent with Briell's conclusory allegation that he signed as an indorser. As noted by Special Term, Briell was either a comaker or an accommodation party, and the fact that his signature on the note appears to be that of a comaker does not preclude a finding that he was an accommodation party (see, UCC 3-415 [1]). We also agree with Special Term's conclusion that the alleged failure of plaintiff to make proper presentment and give notice of dishonor does not raise factual questions as to whether Briell was discharged on the note, since there are no allegations that the bank where presentment was to be made had become insolvent (see, UCC 3-502 [1] [b]).

Our review of the record, however, does reveal sufficient allegations to raise questions of fact as to whether plaintiff's conduct, in light of its knowledge of Ruhle's financial difficulties and ultimate filing for bankruptcy (which Briell claims he did not learn about for several months), constituted a release of Ruhle or impaired Briell's rights against Ruhle and whether Briell's obligation has thereby been discharged, in whole or part (see, UCC 3-606 [1]). Accordingly, plaintiff's motion for summary judgment should have been denied.

Order reversed, on the law, with costs, and motion denied. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* Briell's wife was also named as a defendant since she, too, signed the original note, but Special Term held that a subsequent note, signed only by Ruhle and Briell, constituted a novation; this ruling is not challenged on appeal.