■ VINCENT GRIMALDI et al., Respondents, v RAMON W. PAGAN, Appellant.—In an action to recover a sum certain due upon a promissory note, the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated November 25, 1986, which, upon the motion of the plaintiff Antoinette Grimaldi for summary judgment in lieu of complaint, is in favor of the plaintiffs and against him in the principal sum of $10,000 with interest from November 10, 1983.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff Antoinette Grimaldi's motion is denied, and upon searching the record, the defendant is awarded summary judgment against the plaintiff Vincent Grimaldi, the action insofar as it is asserted by Vincent Grimaldi is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings with respect to Antoinette Grimaldi's claim against the defendant.

The underlying action was commenced on behalf of the plaintiffs Vincent and Antoinette Grimaldi notwithstanding the fact that the subject note evinced an indebtedness by the defendant to Antoinette Grimaldi alone. Vincent Grimaldi has failed to allege a cause of action in his favor. CPLR 3212 (b) provides that "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion". Thus, a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate (*see, Garson v Garson*, 105 AD2d 726, 729-730, *affd* 66 NY2d 928; *DeBrossard v Van Norden*, 113 AD2d 123, 127;

*Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165, 171, *appeal dismissed* 62 NY2d 802). Under the circumstances, the defendant is awarded summary judgment against the plaintiff Vincent Grimaldi and the action insofar as it is asserted by him is dismissed.

With respect to Antoinette Grimaldi, however, the papers submitted in opposition to the motion for summary judgment raise a triable issue of fact which precludes the granting of summary judgment (*see, Scolaro, Shulman, Cohen & Lawler v Easter,* 98 AD2d 953, *appeal dismissed* 62 NY2d 646). Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings with respect to her claim.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.