■ SAFWAY STEEL PRODUCTS, Plaintiff, v CRAFT ARCHITECTURAL METALS CORPORATION, Respondent, and DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant.—Order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on December 11, 1989, which referred all remaining issues between Craft Architectural Metals and Dormitory Authority of the State of New York to a Special Referee to hear and determine pursuant to CPLR 4317 (b), is unanimously reversed on the law and the matter remanded for trial, without costs or disbursements.

This litigation rises out of the construction of Manhattan Community College in New York County. Plaintiff Safway Steel Products, a subcontractor on the project, commenced suit against defendant-respondent Craft Architectural Metals Corporation, as general contractor, and defendant-appellant Dormitory Authority of the State of New York, as owner, to recover damages resulting from the alleged breach of contract by Craft. Although the action between Safway and Craft was eventually settled and discontinued, Craft and the Dormitory Authority have asserted a variety of cross claims against each other. Notwithstanding that Craft filed a petition in the United States Bankruptcy Court in the Eastern District of New York seeking relief under chapter 11, that court abstained from considering the dispute between Craft and the Dormitory Authority, thus permitting the matter to proceed in the Supreme Court, New York County. Thereafter, the presiding Judge, without the consent of the Dormitory Authority and on his own motion pursuant to CPLR 4317 (b), referred the case to a Special Referee to hear and determine. The Dormitory Authority has appealed, urging that the order of reference is improper. In that regard, CPLR 4317 (b) provides that: "Without consent of the parties. On motion of any party or on its own initiative, the court may order a reference to determine a cause of action or an issue where the trial will require the examination of a long account, including actions to foreclose mechanic's liens; or to determine an issue of damages separately triable and not requiring a trial by jury; or where otherwise authorized by law."

Clearly, the crucial issue herein is whether the contested questions related to an "examination of a long account". In *Schanback v Schanback* (130 AD2d 332, 340), the court, in discussing CPLR 4317 (b), stated that "[t]he term 'long account' has been defined as 'an account for work and labor or services running over a long period, in account for goods sold and delivered consisting of many items, or * * * advances of money' (8 Carmody-Wait 2d, NY Prac § 61:14, at 469). In order for a matter to be considered a 'long account' subject to a compulsory reference, the issues must be so numerous and tedious that it would be impossible for a jury to resolve them within the reasonable time limits of a trial and primarily present an issue of appropriate computation". Moreover, the account to be examined must be the direct object of the action and not simply collateral or incidental to it *(Schanback v Schanback, supra)*. As the court aptly observed therein, "[g]enerally speaking, however, the courts have demonstrated reluc-

tance in ruling that a matter constitutes a 'long account' subject to a compulsory reference merely on the basis that lengthy financial calculations are involved. This reluctance stems primarily from the understanding that a litigant should not readily be deprived of his or her constitutional right to trial by jury" *(Schanback v Schanback, supra,* at 341).

In its order, the Supreme Court found that the remaining issues between the parties involve "approximately 15-20 claims for extra work and approximately 15-20 claims for back charges". According to appellant, while the instant case does concern claims of extra work and back charges, these allegations are collateral to the basic delay and tort claims which predominate in this action, and the Supreme Court, by characterizing the dispute in the manner it does, has trivialized and ignored the overriding issues in the case. Clearly, since the cross claims assert such matters as active interference, gross negligence, bad faith, misrepresentation, coercion and contractual liquidated damages arising out of the general contractor's delay, appellant correctly contends that a reference would be inappropriate inasmuch as what is in question here are issues far beyond extra work and back charge claims. Therefore, even assuming that the allegations concerning extra work and back charges do, by themselves, involve long accounts, these matters are certainly tangential to the crux of the action. Appellant, accordingly, should not be deprived of its right to trial merely because among the many disputed questions are a number that relate to matters of long account. Further, since the Dormitory Authority is entitled to a trial, no purpose would be served by bifurcating this case and referring to a Referee a few issues while trying the remainder. Indeed, in the interest of judicial economy and avoiding the possibility of duplicitous witnesses and other evidence, the entire action should be tried. It should also be noted that appellant may not be penalized for having waived its right to a jury trial in favor of a bench trial by being compelled to have the case decided by a Referee in a situation which would not otherwise mandate a reference. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.