■ In the Matter of LOUIS Q. MARETT, Respondent, v PE-
GALIS & WACHSMAN, P. C., Appellant. In the Matter of SAN-
FORD A. ROZALES, Respondent, v PEGALIS & WACHSMAN, P. C.,
Appellant.—In consolidated turnover proceedings pursuant to
CPLR article 52, Pegalis & Wachsman, P. C., appeals from (1)
an order of the Supreme Court, Kings County (Scholnick, J.),
dated August 29, 1989, which referred its motion for summary
judgment to a Referee to hear and determine, and (2) an order
of the same court (Corso, R.), dated September 27, 1989, which
denied its motion for summary judgment.

Ordered that the order dated August 29, 1989, is reversed,
on the law, without costs or disbursements, and the motion for
summary judgment is denied; and it is further,

Ordered that the order dated September 27, 1989, is va-
cated, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court,
Kings County, for further proceedings with respect to the
petitioners' claims.

The consolidated turnover proceedings at bar both seek to
collect legal fees which are allegedly due disbarred attorney
Spencer Lader under a fee-splitting arrangement with the
appellant, a law firm. The petitioners allege that prior to
Lader's disbarment, he referred several medical malpractice
and negligence cases to the appellant, and that Lader and the
appellant agreed to divide any contingency fees recovered as a
result of a successful settlement or verdict in these cases.
Pursuant to the agreement, Lader was to receive one-third of
any legal fees generated by the subject cases, and the appel-
lant was to receive two-thirds of any such fees. At least three
of the cases referred to the appellant were subsequently
settled, resulting in substantial contingency fee awards. Al-
though the petitioners allege that Lader participated in pre-
paring the subject cases for trial, the appellant denies that
Lader or his former partner, the petitioner Sanford Rozales,
contributed any work, labor, or services towards earning the
fees.

Following completion of discovery, the appellant moved for
summary judgment, alleging that Lader and Rozales should be
barred from sharing in the legal fees generated by the subject
cases because Lader had obtained the cases he referred to the
appellant by illegal and unethical means. Thereafter, the
Supreme Court, over the appellant's objection, referred the
motion to a Referee to hear and determine. The Referee
subsequently denied the appellant's motion, concluding that

triable issues of fact precluded an award of summary judgment.

The appellant contends that the Supreme Court improperly referred the instant summary judgment motion to a Referee to hear and determine. We agree. In the absence of consent by the parties, CPLR 4317 (b) permits the court, on its own motion, to "order a reference to determine a cause of action or an issue where the trial will require the examination of a long account". "In order for a matter to be considered a 'long account' subject to a compulsory reference, the issues must be so numerous and tedious that it would be impossible for a jury to resolve them within the reasonable time limits of a trial and primarily present an issue of appropriate computation" *(Safway Steel Prods. v Craft Architectural Metals Corp.,* 167 AD2d 243, 242, quoting *Schanback v Schanback,* 130 AD2d 332, 340). Additionally, it must be shown that the account to be examined is the immediate object of the action or ground of defense, and directly, not merely collaterally or incidentally, involved *(see, Safway Steel Prods. v Craft Architectural Metals Corp., supra; Schanback v Schanback, supra).* At bar, however, it is clear that the primary issues required to be resolved by the summary judgment motion concern the validity and enforceability of the fee-splitting arrangement between Lader and the appellant. In the event that Lader is ultimately determined to be entitled to a share of the contingency fees received by the appellant, the mathematical calculations necessary to determine his share of the fees are not of such a complicated and tedious nature as to require a compulsory reference.

Although we find that the Supreme Court improperly referred the appellant's summary judgment motion to the Referee to hear and determine, upon examination of the record *(see,* CPLR 3212 [b]; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333, *revd on other grounds* 77 NY2d 157; *Grimaldi v Pagan,* 135 AD2d 496), we agree that the denial of summary judgment was proper. Triable issues of fact exist in regard to whether Lader obtained the medical malpractice and negligence cases he referred to the appellant by unethical means. We note that in the event that the court determines, after trial, that the cases referred to the appellant by Lader were not obtained in violation of the disciplinary rules set forth in the Code of Professional Responsibility, the petitioners will be entitled to enforce the fee-splitting agreement provided that the court further determines that Lader, prior to his disbarment, " 'contributed some work, labor or service toward the

earning of the fee' " *(Gore v Kressner,* 157 AD2d 575; *see, Matter of Fuller,* 122 AD2d 792; *Oberman v Reilly,* 66 AD2d 686).* Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.