■ BERKSHIRE BANK, Respondent, v ALBERT SCHWARTZ, Appellant and Third-Party Plaintiff-Appellant. MICHAEL LANDES, Third-Party Defendant-Respondent. [595 NYS2d 19] —Orders, Supreme Court, New York County (Joan B. Lobis, J.) entered July 23, 1992, August 13, 1992 and September 3, 1992, respectively, which, inter alia, granted plaintiff Bank's motion for summary judgment and third-party defendant's motion for a severance and the judgment of the same court and Justice entered on the summary judgment motion, unanimously affirmed, without costs.

Even if officers of plaintiff Bank were aware that the proceeds of the loan to defendant Schwartz were paid over to third-party defendant Landes, and that defendant Schwartz was executing the loan as an accommodation to Landes, it is clear that Schwartz extended his credit to Landes and the Bank may recover the proceeds of the loan from Schwartz, who is the sole signatory on the note. An accommodation party is liable in the capacity in which he has signed the note even though the lender knows of the accommodation (UCC 3-415 [2]; see, Citibank v Pitassi, 78 AD2d 616; First Natl. City Bank v Cooper, 50 AD2d 518). Moreover, even if the Bank's officers were seeking to circumvent banking regulations with

respect to loan limits, the loan itself was not for an illegal purpose, nor was the underlying transaction illegal and, accordingly, the Bank may not be estopped from recovering under the note signed by defendant Schwartz (cf., *Kelly v Kosuga,* 358 US 516, *reh denied* 359 US 962). Finally, severance of the third-party complaint under the circumstances herein was not an abuse of discretion since there is presently pending between the defendant and third-party defendant a separate action in which many claims, each against the other, have been interposed. Accordingly, consolidation of the third-party complaint herein with that other action was proper.

We have considered defendant's other points and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.