*127 OPINION OF THE COURT
Kibbie F. Payne, J.
Plaintiff Morgan, Melhuish, Monaghan, Arvidson, Abrutyn and Lisowski (hereinafter Morgan) moves for summary judgment on its claim of conversion of a two-party check which defendant Republic National Bank (hereinafter Republic) had allegedly negligently negotiated by paying the codefendant Questex Corporation (hereinafter Questex) over a forged signature forged signature of Morgan.
Briefly stated Morgan was retained as local counsel to represent defendant Questex Corporation which was engaged in litigation with the New Jersey Department of Environmental Protection in a dispute over engineering services. On April 25, 1988 Questex entered into a settlement agreement of its claims against the New Jersey agency whereby the agency was to issue a two-party check in the sum of $150,000 payable jointly to Questex and Morgan. Plaintiff Morgan admits that it is only entitled to $20,092.40 of said check for professional services rendered to Questex the copayee on the check. Questex presented the check to Republic for collection. The check contained the indorsement of a representative of Questex and a forged signature of plaintiffs signature as copayee on the check. As a result Morgan commenced this suit against defendants for conversion.
Defendant Republic admits to having forwarded the check through customary banking channels to the drawee bank, New Jersey National Bank, which paid the check and credited the account of Republic. Republic, however, contends that factual issues exist and that it employed the customary commercial practices.
Counsel for Republic strenuously argues that summary judgment is not appropriate in this case because of the existence of material triable issues of fact. Defense counsel presents several factual issues to this court, namely whether Republic in accepting the indorsed two-party check, had acted in good faith in accordance with customary banking standards, whether the two-party check was actually received and delivered to Morgan and whether Morgan had ratified the unauthorized signature on the check.
Summary judgment is a drastic remedy and is granted only in the absence of a disputed triable issue of fact (Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Palmerton v Envirogas, Inc., 80 AD2d 996, 997). Since a motion for summary judg *128 ment is the procedural equivalent of a trial, it is not granted frequently (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341). Additionally in an action such as this involving commercial paper, summary judgment is sparingly granted and then only if it is clear that no triable issue of fact is presented (see, GTE Automatic Elec. v Martin’s Inc., 127 AD2d 545; Alfred J. Farone, Inc. v Ruhle, 117 AD2d 899; De Ran Landscaping Serv. v De Ran Indus., 109 AD2d 1040; Keh Soo Park v White Eng’g Corp., 99 AD2d 719). A summary judgment motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party”. (CPLR 3212 [b].)
In this case Morgan has presented the necessary proof required at trial to demonstrate that it is entitled to judgment for wrongful conversion under the Uniform Commercial Code, e.g., ownership of the instrument, the forged indorsement on the two-party check and Republic’s unauthorized cashing of the check in which Morgan did not receive any benefit. The applicable law in this case in pertinent part provides as follows:
"(1) An instrument is converted when * * *
"(c) it is paid on a forged indorsement.
"(3) Subject to the provisions of this Act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in [its] hands.” (UCC 3-419.)
In this case it is undisputed that the two-party check contained no restrictive indorsement and that Republic accepted and negotiated the check with a forged indorsement for deposit into Questex’s account at Republic. As a result Morgan has met its burden of proof as co-owner of the check in seeking summary judgment against defendant bank. It was therefore incumbent upon Republic to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which it rests claim (Zuckerman v City of New York, 49 NY2d 557, 562).
This court has closely scrutinized the papers submitted in opposition to the motion for summary judgment. I find no *129 basis from the proof submitted to this court that Republic can escape the consequences of its payment of the forged two-party check. It is defendant’s counsel’s position that summary judgment is precluded in this case because of the presence of genuine factual issues. The initial issue as raised by Republic is whether or not Republic by accepting the indorsed two-party check had acted in good faith in accordance with customary banking standards. To support its opposition Republic submitted an affidavit of Emily Morales, an assistant treasurer with Republic, which in conclusory fashion states that Republic "employed generally accepted commercial practices and standards in connection with the negotiation of the check.” This affidavit constitutes little more than a self-serving statement. No factual proof has been provided to this court which elaborates on what specifically was done to procure a signature guarantee of the second indorsement on the six figure two-party check. It is undisputed that the check was made payable to both Questex and Morgan. The check was indorsed by a Questex representative and the unauthorized indorsement for Morgan. Subsequently the check was deposited into Questex’s account with Republic. There is absolutely no evidentiary support of any standard practice which Republic had exercised to verify Morgan’s indorsement on the two-party check. Banks do not negotiate checks without signature verification. The Morales’ affidavit stating that Morgan had no account at Republic and that there was no signature card or other evidence of plaintiffs signature which was available to verify the Morgan indorsement completely skirts the issue of Republic’s alleged good faith in exercising reasonable commercial banking standards. The absence of an account and a signature card with Republic in no way releases Republic of its liability for accepting a forged instrument. This supporting affidavit is insufficient to warrant the creation of a factual issue as to whether or not Republic had acted in good faith and in accordance with reasonable commercial stardards. A bank that would honor, accept and negotiate a check without a signature guarantee does so at its own risk. Negotiation of such a check constitutes prima facie negligence in the event it is discovered that the unverified indorsement is a forgery (see, UCC 3-406). In fact the negotiation of such an instrument is a patent indication of the absence of good faith and adherence to reasonable acceptable commercial banking standards (Tette v Marine Midland Bank, 78 AD2d 383, 386, appeal dismissed 54 NY2d 681).
*130 With respect to the presented issue as to the delivery of the two-party check to Morgan, this court finds that such issue is inapplicable to the facts in this case. Delivery of a negotiable instrument may be either actual or constructive (see, State of New York v Barclays Bank, 76 NY2d 533, 537-538; Snow v Byron, 580 So 2d 238, 240, n 2; Justus Co. v Gary Wheaton Bank, 509 F Supp 103, 106; Smith v General Cas. Co., 75 Ill App 3d 971, 394 NE2d 804). The two-party check was actually delivered and received by Questex the copayee on the check. To require actual and simultaneous delivery of all two-party checks to the respective payees would defeat the purpose of having two-party checks and would seriously jeopardize the commerce of negotiable instruments. Delivery of a check to a copayee constitutes constructive delivery as to the copayee Morgan (see, State of New York v Barclays Bank, supra; also see, Burks Drywall v Washington Bank & Trust Co., 110 Ill App 3d 569, 442 NE2d 648).
With respect to Republic’s claim that there is a factual issue as to the value of the legal services rendered by Morgan to Questex that claim is not relevant in a conversion action of a negotiable instrument. The measure of damages is the face value of the amount of the instrument (see, UCC 3-419 [2]). In the instant case the bank is only liable to plaintiff for the copayee’s interest in the check which Morgan admits to be $20,092.40 (see, Southern Cal. Permanente Med. Group v Bozinovski, 148 Cal App 3d 503, 508, 196 Cal Rptr 150, 152).
Finally as to the issue involving ratification this court finds that defense counsel’s alleged disputed triable issue is totally devoid of any factual basis. Morgan’s moving papers clearly indicate that an immediate demand for payment was made by Morgan upon its discovery of the forged indorsement on the two-party check. Additionally, Morgan had unequivocally advised Questex that Morgan intended to hold Questex accountable for the wrongful conversion. The bare allegation of ratification in the absence of factual basis cannot constitute a ratification issue. As a result Republic has failed to satisfy the necessary requirements to defeat Morgan’s motion for summary judgment.
The court now turns its attention to Republic’s alternative request that summary judgment be denied to enable Republic to take discovery of this 1989 case. There has been no proper showing as to the lack of knowledge on the part of Republic to oppose this summary judgment motion. This case involves the wrongful conversion of a negotiable instrument. The essential *131 facts of the conversion are not exclusively within the knowledge of the moving party (see, Terranova v Emil, 20 NY2d 493, 497). Questex forged Morgan’s indorsement and deposited the two-party check in its account with Republic which accepted the check and subsequently collected the proceeds on the two-party check from the drawee bank. The issues as to Morgan’s relationship with Questex and questions as to Morgan’s entitlement to proceeds from the two-party check for legal services rendered to Questex is irrelevant to conversion of the instrument.
Accordingly, judgment is awarded to the plaintiff Morgan, Melhuish, Monaghan, Arvidson, Abrutyn and Lisowski in the amount of $20,092.40 against defendant Republic National Bank of New York together with interest and costs from April 27. 1988.