■ ERLING KRISTIANSEN, Appellant, v DIANE M. KRISTIANSEN, Respondent. [720 NYS2d 553] —In an action, *inter alia,* for contribution, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 7, 1999, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the defendant, while husband and wife, signed a personal guarantee of credit to be extended from the Bank of New York to Elegant Concepts, Inc. (hereinafter Elegant). Elegant was a corporation formed by the plaintiff and two others during the course of the parties' marriage. Ultimately, Elegant defaulted on its obligation and the bank obtained a judgment against the plaintiff and the defendant. The amount owed on the judgment was subsequently reduced pursuant to settlement negotiations. The plaintiff, alleging that he had paid more than his proportionate share of the reduced amount, commenced this action against the defendant seeking contribution. Further, he sought to compel the defendant to pay one-half of the legal fees and expenses incurred in defending and settling the action on the guarantee. The defendant contends that she is not liable to the plaintiff because she signed the guarantee as a mere accommodation to him. After a nonjury trial, the court dismissed the complaint. We affirm.

A guarantor who has paid more than his or her proportionate share of a common liability is entitled to contribution from any co-guarantors (*see, Hard v Mingle,* 206 NY 179; *Crisfield v Murdock,* 127 NY 315; *Falb v Frankel,* 73 AD2d 930). However, a party that signs a guarantee as a mere accommodation to another, while liable to the principal, may not be held liable to the party accommodated (*see,* Uniform Commercial Code § 3-415; *Berkshire Bank v Schwartz,* 191 AD2d 260; *Farone v Ruhle,* 117 AD2d 899; *Executive Bank v Tighe,* 66 AD2d 70). Here, the defendant presented proof, *inter alia,* that she was not involved with and received no benefit from Elegant (*see,* Uniform Commercial Code § 3-415 [1]). In addition, in a matrimonial action between the parties, the defendant was denied any equitable distribution as to Elegant on the ground, among others, that the funding provided to Elegant had come from the plaintiff's separate assets. Accordingly, the Supreme Court properly found that the defendant signed the guarantee as a mere accommodation to the plaintiff. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.