■ WILLIAM NATHANSON, Appellant, v BARRY NATHANSON et al., Respondents. [799 NYS2d 83]—

In an action, inter alia, to impose a constructive trust, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated October 13, 2004, as granted those branches of the defendants' motion which were to dismiss the first, third, and sixth causes of actions.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the sixth cause of action, and substituting therefor a provision granting that branch of the motion only to the extent of dismissing so much of the sixth cause of action as sought to recover damages for any alleged breach of fiduciary duty which occurred prior to May 21, 2001; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the provisions of the subject operating agreement granting management authority to the defendant Barry Nathanson did not violate Limited Liability Company Law § 401 (a). Although management of the defendant company is vested in its members by its articles of organization, such vesting of authority is "subject to any provisions in . . . the operating agreement . . . granting or withholding the management powers or responsibilities of one or more mem-

bers" (Limited Liability Company Law § 401 [a]). Accordingly, the provisions of the operating agreement granting management powers and responsibilities to company member Barry Nathanson were legal, and the plaintiff's first cause of action, which sought to have these provisions declared void, was properly dismissed.

The court also properly dismissed the plaintiff's third cause of action, which sought to impose a constructive trust upon the defendant company's only asset. The elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance upon the promise, and (4) unjust enrichment (see Simonds v Simonds, 45 NY2d 233 [1978]; Modica v Modica, 15 AD3d 635 [2005]; Eickler v Pecora, 12 AD3d 635 [2004]; Lipton v Donnenfeld, 5 AD3d 356 [2004]). Even accepting the facts alleged by the plaintiff to be true, and according his allegations the benefit of every favorable inference, as required on a motion to dismiss a pleading for failure to state a cause of action (see Leon v Martinez, 84 NY2d 83 [1994]), the element of unjust enrichment necessary to support the imposition of a constructive trust was not present in this case.

However, in his role as manager of the company, the defendant Barry Nathanson had a statutory duty to perform his duties "in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances" (Limited Liability Company Law § 409 [a]). Under the circumstances of this case, the plaintiff's allegations that Barry Nathanson engaged in self-dealing by deferring payment of certain priority distributions so that interest on the unpaid distributions could accrue at a 12% interest rate were sufficient to state a cause of action for breach of fiduciary duty. Although the plaintiff's allegations stated a cause of action, the three-year limitations period which applies when money damages are sought for breach of fiduciary duty barred him from recovering damages for any alleged breach which occurred more than three years prior to the commencement of this action on May 21, 2004 (see Klein v Gutman, 12 AD3d 417 [2004]; Carlingford Ctr. Point Assoc. v MR Realty Assoc., 4 AD3d 179 [2004]; Tatko v Sheldon Slate Prods. Co., 2 AD3d 1030 [2003]; Kaufman v Cohen, 307 AD2d 113, 118 [2003]). Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.