ARTHUR SALM, Appellant, v NEIL FELDSTEIN, Respondent. [799 NYS2d 104]—

In an action to recover damages for breach of fiduciary duty and fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), entered September 22, 2004, which, upon an order of the same court entered August 26, 2004, granting the defendant's motion for summary judgment dismissing the complaint and denying his cross motion to compel discovery, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied as premature, the cross motion is granted, the complaint is reinstated, and the order is vacated.

The plaintiff and the defendant were the members of World Wide Automotive, LLC (hereinafter the company), a limited liability company that owned an automobile dealership (hereinafter the dealership), each having an equal financial interest in the company. The defendant was the managing member of the company. On June 2, 2003, the defendant purchased the

plaintiff's membership interest in the company under a redemption and settlement agreement (hereinafter the contract) providing for a payment to the plaintiff in the sum of $3,750,000, and a consulting contract with the plaintiff which would pay him a five-year aggregate sum of $1,350,000. On June 4, 2003, the defendant sold the dealership to a nonparty for the sum of $16 million.

The plaintiff commenced this action against the defendant to recover damages for breach of fiduciary duty and fraud. The plaintiff alleged that the defendant misrepresented the value of the dealership as being between $5 and $6 million and failed to disclose that the nonparty purchaser had made a firm offer to purchase the dealership for the sum of $16 million before May 31, 2003. The defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved to compel discovery. The Supreme Court granted the motion and denied the cross motion. We reverse.

As the managing member of the company and as a comember with the plaintiff, the defendant owed the plaintiff a fiduciary duty to make full disclosure of all material facts (*see Birnbaum v Birnbaum*, 73 NY2d 461, 465 [1989] citing *Meinhard v Salmon*, 249 NY 458, 468 [1928]; *Blue Chip Emerald v Allied Partners*, 299 AD2d 278 [2002]). Moreover, because the defendant had a fiduciary relationship with the plaintiff, the disclaimers contained in the contract, upon which the defendant relies, did not relieve him of the obligation of full disclosure (*see Blue Chip Emerald v Allied Partners, supra*). Although the defendant denies the plaintiff's allegation that he failed to keep the plaintiff informed of all communications with the nonparty purchaser, the alacrity with which the dealership was sold after the plaintiff conveyed his interest in the company to the defendant was sufficient to establish "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). The defendant's motion for summary judgment should, therefore, have been denied as premature (*see Rupp v City of Port Jervis*, 10 AD3d 391, 392 [2004]; *Yadgarov v Dekel*, 2 AD3d 631 [2003]; *Brown v County of Nassau*, 226 AD2d 492 [1996]) and the plaintiff's cross motion to compel disclosure should have been granted. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur. [*See* 4 Misc 3d 1019(A), 2004 NY Slip Op 50959(U) (2004).]