■ FARIHA BASALEL, Respondent, v YOUNI GEMS CORPORATION et al., Defendants, and DAVID AHARONI et al., Appellants. [944 NYS2d 255]—

In an action, inter alia, in effect, for a judgment declaring that the plaintiff's rights to ownership of certain real property are superior to the rights of the defendants based on the theory of constructive trust, the defendants David Aharoni and Yossef Aharoni appeal from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Nahman, J.),

entered June 23, 2011, as denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (3), (5) and (7), to dismiss the complaint insofar as asserted against the defendants David Aharoni and Yossef Aharoni, and pursuant to CPLR 3211 (a) (1), in effect, for a judgment in favor of those defendants on the merits based on documentary evidence.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1), in effect, for a judgment in favor of the defendants David Aharoni and Yossef Aharoni on the merits based on documentary evidence is granted, those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (3), (5) and (7) to dismiss the complaint insofar as asserted against those defendants are denied as academic, and it is declared that the plaintiff's alleged rights to ownership of the subject real property are not superior to the rights of the defendants David Aharoni and Yossef Aharoni.

In this action, inter alia, in effect, for a judgment declaring that the plaintiff's rights to ownership of certain real property are superior to the rights of the defendants based on the theory of constructive trust, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (1), in effect, for a judgment in their favor on the merits based on documentary evidence. "To succeed on a motion . . . pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302, 302 [2001]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

The documentary evidence submitted by the defendants conclusively established that the defendants David Aharoni and Yossef Aharoni (hereinafter together the Aharonis) were not unjustly enriched by the transfer of the subject property to them, and that the plaintiff has no interest in the subject property. Therefore, the defendants established as a matter of law that the plaintiff had no cause of action to recover based on the theory of constructive trust against the Aharonis, and the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1), in effect, for a judgment in favor of those defendants on the merits based on documentary evidence (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096 [2010]; *Pfeiffer v Jacobowitz*, 29 AD3d 661, 662 [2006]).

Since this is, in part, a declaratory judgment action, it must be declared that the plaintiff's alleged rights to ownership of the subject real property are not superior to the rights of the defendants David Aharoni and Yossef Agaroni (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.