OPINION OF THE COURT
Vito M. DeStefano, J.
The defendant, Eugene Shalik, moves for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the complaint (motion sequence No. 1). The plaintiffs, Edward Kalikow and 7001 Brush Hollow Road LLC, cross-move for an order, inter alia, pursuant to CPLR 3211 (c) converting the motion and cross motion to motions for summary judgment (motion sequence No. 2).
Background
Edward Kalikow and Eugene Shalik are the sole members of 7001 Brush Hollow Road LLC (LLC) with each having a 50% interest therein. The LLC owns a two-story building and ground lease for premises located at 7001 Brush Hollow Road in West-bury, New York (the premises). The accounting firm, Shalik, Morris & Company, LLC, in which Shalik is a partner, is one of two principal subtenants in the building. The other principal subtenant was a separate business run by Kalikow (exhibit A to motion ¶¶ 4-9).
In 1998, the LLC refinanced the premises with a loan from North Fork Bank in the amount of $1.3 million. The note and *819 mortgage (collectively referred to as the loan documents), which were subsequently modified on January 1, 2003, matured on January 1, 2013 (the maturity date) “at which time the entire unpaid principal indebtedness together with all accrued and unpaid interest shall be due and payable” (exhibit C to aff in opposition at 3). Further, section 201 (a) of the mortgage provided that an event of default “shall happen” if
“payment of any principal, interest or other sums under the Note, when and as the same shall become due and payable, whether at maturity or by acceleration or as part of any payment or prepayment or otherwise, in each case, as in the Note and this Mortgage provided and such default shall have continued for a period of ten (10) days” (exhibit D to aff in opposition at 15).
Both Kalikow and Shalik executed a guaranty guaranteeing the LLC’s performance under the loan documents. By the guaranty, Kalikow and Shalik promised as follows:
“Guarantor hereby jointly and severally and unconditionally guarantees the full, prompt, complete and faithful performance, payment, observance and fulfillment by Borrower of all of the obligations, covenants and conditions contained in the Loan documents (including any and all amendments, modifications and supplements thereto which may be hereafter executed), and by this Guaranty Guarantor does hereby promise, in the event Borrower defaults under any obligation under the Loan Documents or on any payment due Lender under the Documents, to promptly perform such obligation or make such payment to Lender upon Lender’s request to do so. If any default shall occur and, after the expiration of any grace period applicable under the terms of the Note and/or the other Loan documents, if Lender shall declare the Note to be immediately due and payable, then Guarantor shall, within five (5) days after demand in writing therefor, pay to Lender all amounts remaining unpaid under the Note and the other Loan Documents” (guaranty annexed to exhibit A to motion at 1-2).
Kalikow and Shalik, as guarantors, were jointly and severally liable only to the extent of $450,000 (guaranty annexed to exhibit A to motion at 2).
By letter dated February 21, 2013, Capital One Bank wrote to Kalikow and Shalik as follows:
*820 “As you are aware, the Loan matured on January 1, 2013 (the ‘Maturity Date’). The Bank will consider your request for an extension of the Loan, subject to final Bank approval, subject to the following conditions:
“(a) the Bank receives a principal paydown of the Loan in an amount equal to the greater of (i) Two Hundred Thirty-Three Thousand Eight Hundred Ninety-Five and 00/100 ($233,895.00) Dollars, or (ii) such amount as is necessary to establish a loan to value ratio as determined by the Bank in its sole discretion of no more than 75% based on an appraised value of Nine Hundred Fifty Thousand and 00/100 ($950,000.00) Dollars (the greater of which shall hereinafter be referred to as the ‘Paydown’). With respect to the joint and several guaranty of payment dated October 6, 1998 (the ‘Guaranty’) made by Edward Kalikow and Eugene Shalik (collectively, the ‘Guarantors’) to the Bank, provided you comply with the terms herein (subject to final Bank approval), the Guarantors’ obligations under the Guaranty shall be reduced by the amount of the Paydown. . . .
“The Bank has not yet formally demanded payment in full of all sums due under the Loan (a ‘Demand for Payment in Full’) or declared an Event of Default at this time, but may chose to do so at any time in the future” (exhibit E to motion).
At the time of the Capital One letter, the LLC owed approximately $950,000 under the note. Kalikow was
“thus compelled to and did pay the entire pay down of $233,895 required by the Lender in order to extend the maturity date of the Note by nine months. The alternative was to pay the entire $950,000 due the Lender on January 1, 2013; which sum [the LLC] did not have” (aff in opposition ¶ 12).
Kalikow and the LLC thereafter commenced an action against Shalik seeking contribution from Shalik for one half of the $233,895 paid by Kalikow “for the pay down demanded by the Lender pursuant to the guaranty” as well as damages based upon Shalik’s purported breach of fiduciary duty owing to Kalikow and the LLC (exhibit A to motion).
Shalik now moves to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The plaintiffs cross-move to, inter alia, *821 convert their motion, as well as Shalik’s motion to dismiss, to motions for summary judgment.
For the reasons that follow, the defendant’s motion to dismiss is granted and the plaintiffs cross motion is denied.
The Court’s Determination
A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Basalel v Youni Gems Corp., 95 AD3d 914, 915 [2d Dept 2012]; First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135 [2d Dept 2010]). In order for evidence to qualify as “documentary,” it must be unambiguous, authentic, and undeniable (Fontanetta v John Doe 1, 73 AD3d 78, 84-86 [2d Dept 2010]). Neither affidavits, deposition testimony, nor letters are considered “documentary evidence” within the intendment of CPLR 3211 (a) (1) (Suchmacher v Manana Grocery, 73 AD3d 1017 [2d Dept 2010]; Fontanetta v John Doe 1, 73 AD3d at 85-87).
The sole criterion on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) is whether the pleading states a cause of action. If, from its four corners there are factual allegations which, taken together, manifest any cause of action cognizable at law, a motion for dismissal will fail (Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 796-797 [2d Dept 2011], citing Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Hense v Baxter, 79 AD3d 814 [2d Dept 2010]). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (id., citing Leon v Martinez, 84 NY2d at 87; Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]).
On the other hand, bare legal conclusions are not presumed to be true, nor are they accorded every favorable inference (see Morris v Morris, 306 AD2d 449 [2d Dept 2003]; Doria v Masucci, 230 AD2d 764, 765 [2d Dept 1996]; Breytman v Olinville Realty, LLC, 54 AD3d 703, 704 [2d Dept 2008]).
Plaintiffs’ first cause of action for contribution by Shalik is premised on the terms of the loan documents whereby a default existed upon maturity of the loan, the terms of the guaranty whereby Kalikow and Shalik jointly and severally guaranteed payment of the loan, and the terms of Capital One’s February *822 21, 2013 letter to Kalikow and Shalik seeking a paydown of principal in the sum of $233,895 before considering their request to extend the loan, which sum was paid by Kalikow.
To sustain a claim for contribution, a guarantor must establish the existence of a shared obligation to pay (common liability) and payment of more than his or her proportionate share (Mediclaim, Inc. v Groothuis, 38 AD3d 730, 731 [2d Dept 2007] [“Only a co-guarantor who has paid more than his or her proportionate share of the common liability is entitled to contribution from the other co-guarantors”]; Panish v Rudolph, 298 AD2d 237 [1st Dept 2002]; Kristiansen v Kristiansen, 280 AD2d 584, 585 [2d Dept 2001]).
The guaranty at bar provides in relevant part that Kalikow and Shalik jointly and severally guaranty the prompt payment of the loan by LLC and in the event of default by LLC in performance or payment
“to promptly perform such obligation or make such payment to Lender upon Lender’s request to do so. If any default shall occur, and after the expiration of any grace period applicable under the terms of the Note and/or the other Loan Documents, if Lender shall declare the Note to be immediately due and payable, then Guarantor shall within five (5) days after demand in writing therefor, pay to Lender all amounts remaining unpaid under the Note and other Loan Documents.” (Guaranty annexed to exhibit A at 1-2 [emphasis added].)
The note itself provides that the “Mortgage specifies various defaults upon the happening of which all sums owing on this Note may, at the option of Payee, be declared immediately due and payable” (exhibit C to motion at 3 [emphasis added]).
Accepting that the failure of the LLC to pay the entire unpaid principal on January 1, 2013 upon the maturity of the loan constituted an event of default by the LLC, any obligation by Kalikow and/or Shalik to pay Capital One Bank awaited, at a minimum, a declaration that “the Note” or “all sums owing” was “immediately due and payable” as well as a “demand in writing.”
While plaintiffs point out that the guaranty additionally provides that “Guarantor does hereby waive . . . notice of any liability to which it may apply, notice of presentment, diligence, demand or payment and notice of protest . . . [and] . . . notice of any default by or on the part of Borrower” (guaranty an *823 nexed to exhibit A at 2), Capital One expressly declined to make any declaration or demand for payment which was its option (see exhibit E to motion [where Bank stated that it had “not yet formally demanded payment in full of all sums due under the Loan ... or declared an Event of Default at this time”]).
As the documentary evidence establishes that Kalikow was not obligated to pay the $233,895 to Capital One, Shalik cannot be obligated to contribute any amount toward the payment made by Kalikow (Panish v Rudolph, 298 AD2d at 237 [if plaintiff “paid the guaranteed loan not as a guarantor but as a volunteer, then the loan was extinguished by payment, such that no right of contribution arose against the coguarantor”]). Accordingly, the first cause of action for contribution must be dismissed.
Plaintiffs’ second cause of action is premised on Shalik’s alleged breach of fiduciary duty as a 50% member of the LLC. Specifically, the plaintiffs seek to recover consequential and punitive damages flowing from: (1) Shalik’s failure to timely advise, and to instead affirmatively mislead, plaintiffs regarding his intention to have his accounting firm not renew its sublease which expired on April 30, 2013; (2) refusing to allow plaintiffs the opportunity to show the lease space to potential tenants; and (3) damaging the premises by replacing a set of glass doors with a single wooden door.
Here, Kalikow and Shalik are members of the LLC with an equal interest in its profits and losses. However, the operating agreement of 7001 Brush Hollow Road LLC identifies Kalikow as the managing member. Specifically, paragraph (5) of the operating agreement, entitled “Powers,” states that the
“business and affairs of the Company shall be managed by Edward Kalikow in his sole discretion. Edward Kalikow shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all power, statutory or otherwise possessed by the members under the LLCL” (exhibit B to motion ¶ 5 [emphasis added]).[1]
Indeed, Kalikow admits in his affidavit that he is the managing member of the LLC (Kalikow aff ¶ 1).
*824 The operating agreement specifically delineates Kalikow as the managing member of the LLC and omits any language granting management powers or duties to Shalik. Shalik, thus, is a non-managing member of the LLC.
New York case law is replete with cases demonstrating that a managing member of an LLC has a fiduciary duty to other members of the LLC (see e.g. Salm v Feldstein, 20 AD3d 469, 470 [2d Dept 2005] [“As the managing member of the company and as a comember with the plaintiff, the defendant owed the plaintiff a fiduciary duty to make full disclosure of all material facts”]; Nathanson v Nathanson, 20 AD3d 403 [2005]).
In Willoughby Rehabilitation & Health Care Ctr., LLC v Webster (13 Misc 3d 1230[A], 2006 NY Slip Op 52067[U], *3-4 [Sup Ct, Nassau County 2006]), Justice Leonard Austin wrote as follows:
“A limited liability company is hybrid business entity having attributes of both a corporation and a partnership. Its owners are its members. Limited Liability Company Law § 417(a) provides that the members of an LLC ‘shall adopt a written operating agreement relating to the business of the company, the conduct of its affairs and the rights and powers of its members.’ The operating agreement is, therefore, the primary document defining the rights of members, the duties of managers and the financial arrangements of the limited liability company. Rich, Practice Commentaries, 32A Limited Liability Company Law Section 1.A, p. 4, (McKinney’s, 2006); and Lio v. Mingyi Zhong, 10 Misc 3d 1068(A) (Sup. Ct., NY Co. 2006).
“Pursuant to Limited Liability Company Law § 409, ‘a manager shall perform his or her duties as a manager ... in good faith and with a degree of care that an ordinary prudent person in a like position would use under similar circumstances.’ The acts of working in concert and managing a limited liability company clearly gives rise to a relationship among the members which is analogous to that of partners who, as fiduciaries of one another, owe a duty of undivided loyalty to the partnership’s interests. Birnbaum v. Birnbaum, 73 NY2d 461, 466, rearg. den., 74 NY2d 843 (1989). See also, Meinhard v. Salmon, 249 NY 458, 463-4 (1928).
“A partner, and by analogy, a [minority managing] *825 member of a limited liability company, has a fiduciary obligation to others in the partnership or limited liability company which bars not only blatant self-dealing, but also requires avoidance of situations in which the fiduciary’s personal interest might possibly conflict with the interests of those to whom the fiduciary owes a duty of loyalty. Salm v Feldstein, 20 AD3d 469, 470 (2nd Dept. 2005); and Nathanson v Nathanson, 20 AD3d 403, 404 (2nd Dept. 2005).”
It is noted that section 409 (a) of the Limited Liability Company Law sets forth, inter alia, the duties of a limited liability company manager, as follows, “A manager shall perform his or her duties as a manager, including his or her duties as a member of any class of managers, in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances.” Noticeably absent from the Limited Liability Company Law, which expressly imposes a duty of good faith upon managers of an LLC, is any concomitant duty on a non-managing member (see Karon S. Walker, New York Limited Liability Companies and Partnerships § 1:8 [West’s NY Prac Series] [“(a) member who is not a manager does not owe a duty to the LLC or its members, except to the extent he or it participates in the management of the LLC”]; 51 Am Jur 2d, Limited Liability Companies § 11 [“members of a limited liability company are like shareholders in a corporation in that they do not owe a fiduciary duty to each other or to the company, and that as long as members of a limited liability company are not acting in a managerial capacity, they do not have fiduciary duties to one another unless such fiduciary duties are set forth in the operating agreement”]).[2]
It is a well settled tenet of statutory construction that “we cannot read into the statute that which was specifically omitted by the legislature” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62 [2013]).
“A court cannot by implication supply in a statute a provision which it is reasonable to suppose the *826 Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
Given the legislature’s intent to specifically omit any duty of good faith or loyalty on behalf of a non-managing member of an LLC, coupled with the fact that the operating agreement gives Kalikow the sole discretion to manage the business and affairs of the LLC, the court concludes that the second cause of action asserting that Shalik, as a non-managing member, breached his fiduciary duty to the LLC and to Kalikow fails to state a cause of action and, therefore, must be dismissed.
Given the above analysis, the plaintiffs’ cross motion to convert Shalik’s CPLR 3211 (a) motion to dismiss to a motion for summary judgment is denied.
Conclusion
Based on the foregoing, it is hereby ordered that the motion of the defendant, Eugene Shalik, for an order dismissing the complaint is granted; and it is further ordered that the cross motion of the plaintiffs, Edward Kalikow and 7001 Brush Hollow Road LLC, is denied as academic.

. Generally, an LLC is deemed to be managed by its members, in their capacity as members, in proportion to their shares of the LLC’s profits. However, the operating agreement of an LLC could grant management authority to one member (Nathanson v Nathanson, 20 AD3d 403 [2d Dept 2005]).

. Shalik v Kalikow (Sup Ct, Nassau County, index No. 6717/07) was a prior action wherein Justice Warshawsky concluded in a decision and order dated December 3, 2007, that Kalikow and Shalik “share a fiduciary duty and may sue each other for its breach when the other member and the entity claim harm” (exhibit 5 to aff in opposition at 2). The plaintiffs’ reliance on this prior order, in a different action, for the assertion that Shalik owes a fiduciary duty to the plaintiffs, is both misplaced and unpersuasive.