Screen Media Ventures, LLC v Capella Intl., Inc. (2023 NY Slip Op 04479)

Screen Media Ventures, LLC v Capella Intl., Inc.

2023 NY Slip Op 04479

Decided on August 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 31, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 654358/12 Appeal No. 465 Case No. 2023-00557 

[*1]Screen Media Ventures, LLC, Plaintiff-Appellant,
v
Capella International, Inc., et al., Defendants-Respondents.

Stradley Ronon Stevens & Young, LLP, New York (Eric Porter of counsel), for appellant.
Lebowitz Law Office, LLC, Clermont (Marc A. Lebowitz of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 17, 2023, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment on their counterclaim for breach of contract, a declaratory judgment, and dismissal of plaintiff's claims for libel per se and unjust enrichment; referred the issue of defendants' damages to a judicial hearing officer or special referee; and directed plaintiff to submit a proposed accounting, unanimously affirmed, with costs.
On June 27, 2002, plaintiff Screen Media Ventures, LLC, a film distribution company, entered into an agreement with defendant Capella International, Inc., a German production and distribution company, in which defendant gave plaintiff the distribution rights to nine films. Under the agreement, plaintiff was required to pay defendant an advance and royalties based on its sublicensing contracts with third parties. Plaintiff was also required to provide defendant with accounting statements and payments on a quarterly basis.
On or before 2007, plaintiff failed to provide defendants with timely accounting statements, causing defendant Ralf Hartmann, Capella's owner, to repeatedly demand that plaintiff comply with its obligations under the contract. In 2010, Capella conducted an audit of plaintiff's books and records relating to the nine films, as permitted by the agreement. Even during the audit process, plaintiff continued to fail to provide timely accounting statements and did so only after repeated requests from Hartmann. The audit revealed that plaintiff had failed to report some sublicensing agreements completely. In March 2011, Hartmann sent plaintiff a letter terminating the agreement. In May 2012, Capella informed some of plaintiff's sublicensees that it had terminated the contract with plaintiff and requested that statements and payments be sent directly to Capella's office.
On December 11, 2012, plaintiff sued defendants for, among other things, breach of contract and libel per se. On or about October 14, 2013, defendants filed an answer and asserted counterclaims for breach of contract, an accounting, and for a declaratory judgment that the 2002 agreement was validly terminated on March 9, 2011. On November 20, 2021, after years of discovery, defendants moved for summary judgment. Defendants are entitled to summary judgment on their breach of contract counterclaim and to a declaratory judgment that the March 2011 termination of the licensing agreement was valid. The termination was properly based on several material breaches, including plaintiff's failure to provide timely accounting statements and payments to defendants, or to report all of the fees collected through its various sublicensing agreements (see e.g. JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]; Unisol, Inc. v Kidron, 180 AD3d 570, 570 [1st Dept 2020]).
Plaintiff's claims for libel per se and unjust enrichment were properly dismissed to the [*2]extent they were based on the unfounded assertion that defendants breached the agreement. In any event, plaintiff's libel per se claim should be dismissed because none of Hartmann's statements to the sublicensees regarding the termination of the licensing agreement are reasonably susceptible to a defamatory meaning (see Ava v NYP Holdings, Inc., 64 AD3d 407, 412-413 [1st Dept 2009], lv denied 14 NY3d 702 [2010]). Plaintiff's argument that its unjust enrichment claim would serve as a "check" against defendants' potential windfall in compensation for work plaintiff had performed, is insufficient (see e.g. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).
The court providently issued an order of reference to determine defendants' damages under CPLR 4317 (b), as the determination will require examination of a long account and primarily presents an issue of appropriate computation (Matter of Marett v Pegalis & Wachsman, 176 AD2d 321, 322 [2d Dept 1991]). The motion court did not err in directing plaintiff to submit a proposed accounting, in light of the numerous and complicated sublicensing agreements involved. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 31, 2023