■ ANTHONY SANNELLA et al., Respondents, v DICOSTANZO & CUTRONA et al., Appellants.—Appeal by the defendants from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 30, 1986.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Lockman in his memorandum decision at Special Term. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.

■ ANTHONY SANNELLA et al., Respondents, v PLAINVIEW FIRE DEPARTMENT, Defendant and Third-Party Plaintiff-Appellant. COUNTY OF NASSAU, Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries, etc., the third-party defendant County of Nassau, and the defendant third-party plaintiff Plainview Fire Department separately appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated June 2, 1987, which denied the third-party defendant's motion, which was joined in by the defendant third-party plaintiff, for an order pursuant to CPLR 3404 dismissing the action for failure to prosecute.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the decision of the Supreme Court to restore this action to the calendar. The parties stipulated "in open court" to mark this action off the calendar to pursue other legal matters relevant to this action. It is well settled that an agreement between parties or their attorneys relating to any matter in "open court", even absent a writing, is binding upon the parties (CPLR 2104; *Wimpy's Collision Works v Miceli,* 108 AD2d 854; *Zioncheck v Zioncheck,* 99 AD2d 563). The agreement at bar is no exception. Moreover, the decision to restore a case to the Trial Calendar is within the court's discretionary power *(see, Marco v Sachs,* 10 NY2d 542). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.

■ DORIS L. SASSOWER, P. C., Respondent, v FREIDE GOREWITZ, Appellant.—Appeal by the defendant from an order of the Supreme Court, Westchester County, entered February 19, 1987.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Wood in his memorandum decision at the Supreme Court. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.