■ In the Matter of LOU ATKIN CASTINGS, INC., Respondent, v M. FABRIKANT & SONS, INC., Appellant. [628 NYS2d 98] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered May 25, 1994, after a non-jury trial, in favor of plaintiff and against defendant in the sum of $80,335.63, inclusive of interest from August 1, 1991 and costs and disbursements, unanimously affirmed, with costs.

On a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence, especially when, as here, the findings of fact rest in large measure on considerations relating to the credibility of the witnesses *(Thoreson v Penthouse Intl.,* 80 NY2d 490, 495). Applying the foregoing standard of review, we find that the trial court, after considering the conflicting testimony and evidence adduced, properly found that the plaintiff had not agreed to offset from its invoices to the defendant the amount of a debt owed to the defendant by an affiliate of the plaintiff, Aztech Jewelry Manufacturing Corp. ("Aztech") because, the defendant failed to prove that there was an enforceable oral agreement between the parties to pay or offset the Aztech debt *(Brands v Urban,* 182 AD2d 287, 289).

The alleged oral agreement or promise by the plaintiff to guarantee the debt of another is also barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [2]), since the alleged promise did not represent an independent duty of payment, irrespective of the liability of the principal debtor, Aztech; since the alleged promise lacked any consideration beneficial to the promisor flowing to the plaintiff, and since the plaintiff, as the alleged promisor, had no independent duty to pay the Aztech debt, regardless of the liability of the original debtor (*see, Martin Roofing v Goldstein*, 60 NY2d 262, 264-265, *cert denied* 466 US 905).

Nor did the trial court err in finding no basis to pierce the corporate veil since the record reveals, and the trial court specifically found, that the plaintiff corporation and its affiliate, Aztech, were separate corporations, each of which was separately capitalized, and that the dominance of the plaintiff corporation over Aztech was neither so complete, as to the transaction attacked, that Aztech was merely its instrumentality or alter ego nor was formed to conceal or deceive people or entities with whom they dealt (*Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656-657). Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.