■ JAYE M. BUEHNER, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents, et al., Defendant. [704 NYS2d 303] —In an action to recover damages for negligent misrepresentation, the plaintiff appeals from so much an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 13, 1999, as granted (1) the separate motions of the defendants International Business Machines Corporation and Price Waterhouse L. L. P., n/k/a Pricewaterhouse Coopers L. L. P., to dismiss the amended complaint insofar as asserted

against them for failure to state a cause of action, and (2) the motion of the defendant IBM China/Hong Kong Corporation to dismiss the amended complaint insofar as asserted against it on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who was employed by the defendant IBM China/Hong Kong Corporation (hereinafter IBM China), accepted a severance offer from IBM China. After a financial portion of the severance package was subjected to unfavorable tax treatment, the plaintiff commenced suit against, among others, IBM China, its parent, which is the defendant International Business Machines Corporation (hereinafter IBM), and IBM's New York based certified public accountant, the defendant Price Waterhouse LLP, n/k/a Pricewaterhouse Coopers L. L. P. (hereinafter Price Waterhouse).

Even when liberally construed, the amended complaint does not allege that either IBM or Price Waterhouse made any representations to the plaintiff before her decision to accept the severance offer, or that her relationship with these defendants was akin to contractual privity (*see, Doria v Masucci,* 230 AD2d 764). Accordingly, the amended complaint fails to state a cause of action against IBM and Price Waterhouse for negligent misrepresentation (*see, Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 419; *Houlihan/Lawrence, Inc. v Duval,* 228 AD2d 560; *Metral v Horn,* 213 AD2d 524). Moreover, because the amended complaint does not allege any facts which would warrant the piercing of the corporate veil (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141; *Stockacre Ltd. v PepsiCo, Inc.,* 265 AD2d 398; *Matter of Atkin Castings v Fabrikant & Sons,* 216 AD2d 111; *Finkel v Blair & Co.,* 213 AD2d 588), IBM and Price Waterhouse may not be held liable for the alleged misrepresentations made by the defendants IBM China and Price Waterhouse Hong Kong.

The Supreme Court's dismissal of the cause of action against IBM China on the ground of forum non conveniens was a provident exercise of its discretion given, *inter alia,* that the alleged misrepresentation took place in Hong Kong, witnesses still reside in Asia, Hong Kong is available as an alternate forum, and none of the remaining parties are New York residents (*see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474; *Stockacre Ltd. v PepsiCo, Inc., supra*). Joy, J. P., Friedmann, Florio and Schmidt, JJ., concur.