■ PSI INTERNATIONAL, INC., Appellant, v ANTHONY OTTIMO et al., Respondents. [708 NYS2d 100] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 29, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's cause of action for breach of contract was properly dismissed absent evidence sufficient to rebut defendants' prima facie showing that the contract in issue, an oral agreement to extend credit, was with their corporations and not themselves. Such prima facie showing was made out with proof that plaintiff placed its UCC-1 lien on and sent its invoices to defendants' corporations, and was bolstered by the fact that every invoice from a vendor was also sent to the corporations. In opposition, plaintiff's president and sole shareholder asserted that defendants, who are brothers, approached him for credit, and that he agreed to their request "on a personal level" because one of them was about to marry his daughter and "they were going to part of my family and I wanted to help them out," and they "assured me they would never stick me for

the money." Absent a showing that defendants personally benefitted from the credit that they used to purchase merchandise in their corporations' names and for which plaintiff billed their corporations, plaintiff's assertions at best show a promise by defendants to answer for the debt of their corporations that is unenforceable under the Statute of Frauds (General Obligations Law § 5-701 [a] [2]; *see, Matter of Atkin Castings v Fabrikant & Sons*, 216 AD2d 111, 112). Nor does plaintiff show that it has a cause of action for fraud by asserting that defendants never intended to keep their promise to be personally and primarily liable for the credit that plaintiff extended to their corporations. Any such promise can hardly be considered collateral to the alleged oral agreement to loan money, and therefore cannot be the predicate for a fraud claim based on a promise made with a preconceived intention of not performing it (*see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954). Indeed, nothing is more central to a loan agreement than identification of the party responsible for repayment of the loan (*cf., Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115-116). Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ.