(June 10, 2008)

■ A.G. Homes, LLC, et al., Respondents, v Andrew Gerstein, Appellant. [860 NYS2d 582]—

In an action, inter alia, to impose a constructive trust on real property located at 521 DeKalb Avenue in Brooklyn, the defendant appeals (1) from an order of the Supreme Court, Kings County (Kramer, J.), dated September 8, 2006, which denied his motion for summary judgment dismissing the complaint and for summary judgment on his counterclaim to impose a constructive trust, to the extent of a 50% ownership interest, on real property located at 513 DeKalb Avenue, and (2) from so much of an order of the same court dated December 4, 2006, as granted the plaintiffs' motion pursuant to CPLR 3124 to compel him to appear for an examination before trial.

Ordered that the order dated September 8, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment on his counterclaim to impose a constructive trust, to the extent of a 50% ownership interest, on real property located at 513 DeKalb Avenue, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated September 8, 2006 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 4, 2006 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Isaac Azaria and the defendant entered into a joint venture, A.G. Homes, LLC (hereinafter AG Homes), for the purpose of purchasing real property. Shortly thereafter, AG Homes purchased property located at 521 DeKalb Avenue in Brooklyn (hereinafter 521 DeKalb). Azaria and AG Homes (hereinafter collectively the plaintiffs) allege that in order to obtain more favorable financing, the deed to 521 DeKalb was transferred to the defendant, who promised to reconvey the property to AG Homes. However, the plaintiffs allege that the defendant refused to reconvey the property after obtaining financing. The plaintiffs commenced this action seeking, inter alia, the imposition of a constructive trust on 521 DeKalb. The defendant, in his answer, inter alia, asserted a counterclaim to impose a constructive trust, to the extent of a 50% ownership interest, on another piece of property known as 513 DeKalb Avenue (hereinafter 513 DeKalb). The defendant alleged that Azaria purchased that parcel without his knowledge after initially expressing a lack of interest in it.

Generally, there are four requirements for the imposition of a constructive trust: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). However, these requirements are not rigidly applied (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Kaufman v Cohen, 307 AD2d 113, 127 [2003]; see also Nastasi v Nastasi, 26 AD3d 32, 38 [2005]). The purpose of a constructive trust is to prevent unjust enrichment (see Simonds v Simonds, 45 NY2d at 241; Cruz v McAneney, 31 AD3d 54, 58-59 [2006]).

On that branch of his motion which was for summary judgment dismissing the complaint, the defendant failed to satisfy his prima facie burden of establishing his entitlement to judgment as a matter of law. He failed to eliminate any triable issues of fact as to whether he made a promise to reconvey 521 DeKalb to AG Homes, whether the property was transferred in reliance on that promise, and whether he was unjustly enriched (see Moak v Raynor, 28 AD3d 900 [2006]; Leire v Anderson-Leire, 22 AD3d 944 [2005]; Lowy v Bobker, 15 AD3d 548 [2005]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

However, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment on his counterclaim to impose a constructive trust on 513 DeKalb.

Azaria and the defendant, as parties to the joint venture in AG Homes, owed each other a duty of undivided loyalty (*see Meinhard v Salmon,* 249 NY 458 [1928]). The defendant demonstrated that in May 2004 he and Azaria were approached by Sixto De Los Santos with an offer to purchase 513 DeKalb. The defendant wished to go through with the transaction, but Azaria was not interested because he did not believe it would be a good deal. Approximately one month later, on June 24, 2004, a contract of sale for 513 DeKalb was entered into between Victor Aloyo, as seller, and AG Homes and Sixto De Los Santos, as purchasers. On that very same day, Sixto De Los Santos assigned his rights under the contract of sale to Azaria for an agreed fee of $30,000, and AG Homes assigned its interest in the property to Azaria for $10. The assignments were made without the defendant's knowledge and resulted in Azaria obtaining 100% of the property's title.

The record demonstrates, prime facie, that at the time Azaria entered into the contract of sale for 513 DeKalb, he owed a fiduciary duty to the defendant and breached it by concealing his dealings and failing to disclose pertinent information to the defendant (*see Meinhard v Salmon,* 249 NY 458 [1928]; *Salm v Feldstein,* 20 AD3d 469 [2005]; *Blue Chip Emerald v Allied Partners,* 299 AD2d 278 [2002]; *Schneidman v Tollman,* 190 AD2d 524, 525 [1993]). Azaria's conduct violated the stringent standard of undivided and undiluted loyalty owed by him to his fiduciary, the defendant (*see Blue Chip Emerald v Allied Partners,* 299 AD2d at 278), which courts have described as an "inflexible rule of fidelity" (*Birnbaum v Birnbaum,* 73 NY2d 461, 466 [1989]) and which has been enforced with "[u]ncompromising rigidity" (*Meinhard v Salmon,* 249 NY at 464).

In opposition, the plaintiffs failed to raise a triable issue of fact as to the defendant's counterclaim. Azaria's argument that no fiduciary duty was owed as a result of his claimed dissolution of the partnership is belied by the evidence that AG Homes was not properly dissolved and was still an operational entity at the time. Indeed, AG Homes had contracted to purchase 513 DeKalb and executed a written assignment of its interest in the property to Azaria in exchange for consideration of $10.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment on his counterclaim seeking the imposition of a constructive trust to the extent of a 50% ownership interest in 513 DeKalb (*see Meinhard v Salmon,* 249 NY at 458). However, the Supreme Court must determine the extent of the adjustment that must equitably be made, if any, to the value of the construc-

tive trust based upon the expenses incurred by Azaria toward the purchase price of the property, losses potentially incurred by him since the purchase, the cost of the property's maintenance and upkeep by him, and any other relevant deductions (see Williams v Lynch, 245 AD2d 715, 716 [1997]).

The Supreme Court did not improvidently exercise its discretion in granting the plaintiffs' motion to compel the defendant to appear for an examination before trial.

The parties' remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.