■ RONALD PARR, Respondent, v RONKONKOMA REALTY VENTURE I, LLC, et al., Appellants. [885 NYS2d 522]—

In an action to impose constructive trusts on certain real property, to recover damages for breach of contract, and for specific performance of an agreement to acquire certain shares of common stock, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered April 18, 2008, as, upon a decision of the same court dated March 12, 2008, made after a nonjury trial, imposed a constructive trust on certain real property and is in favor of the plaintiff and against them in the principal sum of $6,428,204.50.

Ordered that the judgment is modified, on the law, by deleting the third decretal paragraph thereof which is in favor of the plaintiff and against the defendants in the principal sum of $6,428,204.50; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of damages in accordance herewith, and the entry of an appropriate amended judgment.

The plaintiff brought this action to impose constructive trusts on four parcels of real property, to obtain specific performance of a certain agreement dated April 30, 1999 between the plaintiff and the defendant Pitcairn-Properties, Inc. (hereinafter PPI), and to recover damages for breach of the agreement. Two of the real estate parcels (hereinafter the Islip properties) are owned by the defendant Ronkonkoma Realty Venture I, LLC (hereinafter Ronkonkoma I), and two parcels (hereinafter the Brookhaven properties) are owned by the defendant Ronkonkoma Realty Venture II, LLC (hereinafter Ronkonkoma II).

These parcels originally were owned by the plaintiff individually, and encumbered with mortgages which were in arrears. The plaintiff had given deeds to the properties to the mortgage creditor North Fork Bank (hereinafter North Fork) and North Fork had recorded those deeds, allegedly in violation of an agreement between them.

The plaintiff sued North Fork, claiming it improperly recorded those deeds. By agreement dated April 8, 1999, the plaintiff and North Fork entered into a settlement, which permitted the plaintiff to redeem the properties for $3 million, and provided for the discontinuance of the action against North Fork.

To secure the funds to redeem the property, the plaintiff entered into an agreement dated April 30, 1999 with PPI, whereby PPI agreed to satisfy the plaintiff's outstanding mortgages on the properties, and the plaintiff agreed to direct the mortgage creditor North Fork to convey the properties to Ronkonkoma I and Ronkonkoma II. At the trial of this action, the plaintiff testified that it was his understanding that upon satisfaction of the North Fork mortgages, title to the properties would be vested in Pitcairn-Parr, LLC, a limited liability company formed by his corporation Parr Financial, Inc., and PPI in 1998.

According to the plaintiff, since the agreement dated April 30, 1999, did not provide that title to the properties would be vested in Pitcairn-Parr, LLC, the plaintiff entered into a handwritten agreement at the closing. Pursuant to that handwritten agreement, PPI agreed to pay the plaintiff 50% of the value of the properties at the closing, less the amount paid for the property and related closing costs, in common stock of PPI. The handwritten agreement further provided that the "cash invested to acquire the property or amounts paid for related costs shall be handled as set for in the Pitcairn-Parr LLC agreement."

PPI paid $5,653,590.93, inter alia, to satisfy the outstanding mortgages. It is undisputed that the plaintiff never received any stock.

The plaintiff claimed that, as president of Pitcairn-Parr, LLC, he was to have control over development of the properties. Instead, PPI used the Brookhaven properties to secure a $4,000,000 mortgage loan which it used for its own purposes.

The plaintiff commenced the instant action, alleging that Ronkonkoma I and Ronkonkoma II failed to transfer the four parcels to Pitcairn-Parr, LLC. The first eight causes of action sought imposition of constructive trusts against each of the Ronkonkoma defendants. The ninth and tenth causes of action sought damages, or in the alternative, specific performance of the handwritten agreement directing PPI to deliver stock to the plaintiff.

In 2002 a settlement was reached with respect to the Islip properties, and the parties released each other from liability with respect to those properties. The plaintiff assigned all rights to the Islip properties, including rights to manage and rights to profits, to Ronkonkoma I. The action continued with respect to the Brookhaven properties. As further evidence that this settlement related to all of the plaintiff's claims with respect to the Islip properties, the plaintiff, in his affidavit in opposition to the defendants' motion for summary judgment, stated that the settlement settled "all claims alleged by me with respect to the Islip Property." At issue on this appeal is the determination of the trial court, rendered after a nonjury trial, that the defendants were liable to the plaintiff on his theory of a constructive trust pursuant to the doctrine of equitable estoppel.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Totonelly v Enos*, 49 AD3d 710, 711 [2008]).

The defendants note that equitable estoppel was not alleged in the complaint as a cause of action. However, the plaintiff acknowledges that equitable estoppel is not a cause of action for affirmative relief, but rather is a defense to preclude the defendants' claim that they did not intend to make the plaintiff a partner in a joint venture.

The plaintiff's status as a partner in a joint venture gives rise to a fiduciary relationship which allows imposition of a constructive trust (see *Mendelson v Feinman*, 143 AD2d 76 [1988]; *A.G. Homes, LLC v Gerstein*, 52 AD3d 546 [2008]). Elements of a

constructive trust are (1) fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see A.G. Homes, LLC v Gerstein*, 52 AD3d 546 [2008]). Here the plaintiff established a fiduciary relationship, a promise, a transfer of his title to the properties as beneficial owner of those properties (*see Parr v Ronkonkoma Realty Venture I, LP*, 32 AD3d 384 [2006]), and unjust enrichment when PPI encumbered the property with a mortgage for its own benefit.

With respect to damages, the trial court subtracted the cost of acquiring all four parcels ($5,653,590) from the total of the plaintiff's appraiser's values for all four parcels ($18,510,000), to arrive at a net value of $12,856,409. The plaintiff was awarded 50% of that sum, or $6,428,204.50.

The plaintiff's appraiser testified at the trial that one Brookhaven parcel was worth $5,300,000, and the other Brookhaven parcel was worth $7,150,000, for a total of $12,450,000, and the Islip parcels had a combined value of $6,060,000. The defendants challenge this valuation as excessive. However, PPI's business plan from June 1999 listed the fair market value of the Brookhaven property as $13,712,000 and the value of the Islip parcels as $6,700,000, indicating that valuation by the plaintiff's appraiser was substantially accurate.

However, the Supreme Court erred in awarding the plaintiff monetary damages with respect to the Islip properties, as the parties' July 2002 agreement settled all claims with respect to those parcels. In awarding damages for the Brookhaven properties, only the value of the Brookhaven properties as of April 30, 1999, or $12,450,000, should be considered. The portion of the $5,653,590 attributable to the Brookhaven properties should be deducted from that sum, and the plaintiff should be awarded 50% of the difference.

The defendants' remaining contentions are without merit. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur. [*See* 18 Misc 3d 1138(A), 2008 NY Slip Op 50360(U).]