■ BUBBA GUMP FISH & CHIPS CORP. et al., Appellants, v HAROLD W. MORRIS, JR., Respondent, et al., Defendant. [933 NYS2d 723]—

In 1997, the plaintiff John R. Scrip and the defendant Harold W. Morris, Jr., entered into an oral agreement to be equal partners in the operation of a business known as the Bubba Gump Fish & Chips Corp., which operated a restaurant of the same name. The restaurant ceased operation after 14 months and, in 2001, the proceeds from the sale of some of the restaurant equipment were distributed to Scrip and Morris. In 2003, another entity purchased the restaurant for a price of $140,000. In his complaint and thereafter at a nonjury trial, Scrip asserted, in pertinent part, that he alone made an initial investment of $94,504.86 and that Morris made no contribution, either in terms of working at the restaurant or making any financial investment and, therefore, Scrip was entitled to the return of his initial contribution plus half the profit from the 2003 sale of the restaurant, for a total sum of $117,252.57.

Where parties enter into an oral agreement, their obligations may be determined based upon the evidence, including their course of conduct (see Czernicki v Lawniczak, 74 AD3d 1121, 1125-1126 [2010]).

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and

the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Applying this standard here, we find that credible evidence supported the Supreme Court's finding that Scrip contributed the capital while Morris, with experience in restaurant management, supervised the business without salary. The evidence thus supports the determination that the parties were equal partners who were entitled to share equally in the sale of the corporation's assets, with adjustment for the amount distributed at the time of the 2001 equipment sale, and that Scrip was entitled to recover the sum of $66,150 (*see Czernicki v Lawniczak*, 74 AD3d at 1125-1126). Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.