■ POURQUOI M.P.S., INC., Appellant, v WORLDSTAR INTERNATIONAL, LTD., et al., Respondents. [936 NYS2d 682]—

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of its motion which was to strike the answer based on spoliation of evidence (*see e.g. Lamb v Maloney*, 46 AD3d 857, 858 [2007]; *Bjorke v Rubenstein*, 38 AD3d 580, 581 [2007]).

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Bubba Gump Fish & Chips Corp. v Morris*, 90 AD3d 592, 592-593 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Contrary to the

plaintiff's contention, the evidence supported the Supreme Court's determination that the facts did not warrant piercing the corporate veil of the defendant Worldstar International, Ltd. (hereinafter Worldstar), in order to hold the defendant Sonya Chiang personally liable for Worldstar's debts to the plaintiff. In particular, the trial evidence did not demonstrate that Chiang used her domination of Worldstar with respect to the transactions at issue to commit a wrong against the plaintiff that caused its injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see also Treeline Mineola, LLC v Berg*, 21 AD3d 1028, 1029 [2005]; *210 E. 86th St. Corp. v Grasso*, 305 AD2d 156 [2003]; *see generally TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]; *Walkovszky v Carlton*, 18 NY2d 414, 420 [1966]; *cf. Matter of EAC of N.Y., Inc. v Capri 400, Inc.*, 49 AD3d 1006, 1007-1008 [2008]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 553 [1994]; *cf. generally Solow v Domestic Stone Erectors*, 269 AD2d 199, 200 [2000]; *Chase Manhattan Bank [N.A.] v 264 Water St. Assoc.*, 174 AD2d 504, 504 [1991]).

The defendants' remaining contentions are without merit. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.