■ Ramon Fernandez et al., Appellants, v State of New York, Respondent. [14 NYS3d 49]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Sise, J.), dated October 29, 2013, which, upon a decision of the same court dated September 13, 2013, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is affirmed, with costs.

On February 14, 2007, shortly after 3:00 p.m., the claimant Ramon Fernandez (hereinafter the injured claimant) allegedly sustained injuries when he slipped and fell while walking down a path at the Stony Brook University Hospital. Climatological records showed that it had started snowing the evening before the accident happened and that the snow turned into a mix of sleet and freezing rain, lasting into the early evening on February 14, 2007.

The injured claimant, and his wife suing derivatively, commenced this claim against the defendant, State of New York, as the owner of the property. The claim proceeded to a nonjury trial on the issue of liability, after which a judgment was entered in favor of the defendant and against the claimants dismissing the claim.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern*

*Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Steenbuck v State of New York*, 111 AD3d 819 [2013]; *Perriello v State of New York*, 106 AD3d 797 [2013]). "In order to prevail at trial in a negligence case, a [claimant] must establish by a preponderance of the evidence that the defendant's negligence was a proximate cause of [claimant's] injuries. A [claimant] is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *see Simo v New York City Tr. Auth.*, 13 AD3d 609, 611 [2004]).

Here, the Court of Claims' determination that the claimants failed to establish the existence of a dangerous condition created by the defendant which caused ice to form on the subject path was warranted by the facts and, thus, will not be disturbed. The claimants failed to prove by a preponderance of the evidence that the placement of a pipe at the base of a retaining wall next to the subject path proximately caused the accident. While the claimant testified at trial that he observed water coming from the pipe and flowing onto the entire width of the path after he fell, he was confronted with his deposition testimony to the contrary. Where the trial court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses[,]' deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011] [citation omitted], quoting *Anderson v Mastrangelo*, 18 AD3d 677, 677 [2005]). Moreover, the photographs of the accident site, submitted by the claimants into evidence, demonstrated that the path and the pipe were located on opposite sides of the retaining wall, at least 12 inches away from each other. Further, the claimants submitted no testimony as to the amount of water which allegedly flowed from the pipe so as to cause ice to form across the entire width of the bottom of the path, and the claimants' experts' opinion with respect to this theory of liability was speculative.

Further, the evidence did not support the claimants' theory of negligence based upon alleged violations by the defendant of various sections of the Property Maintenance and Fire Codes of the State of New York.

Accordingly, the Court of Claims properly dismissed the claim. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.