■ LAW OFFICES OF RONALD V. DECAPRIO, Respondent, v OSWALD BONCOEUR, Appellant. [21 NYS3d 305]—In an action to recover fees for legal services rendered, the defendant appeals from a judgment of the Supreme Court, Rockland County (Garvey, J.), dated March 31, 2014, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $13,499.08.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Fernandez v State of New York*, 130 AD3d 566 [2015]). As recited by the trial court in its decision, the testimony of Ronald V. DeCaprio, the plaintiff's principal, and the defendant, the two parties to this action, which emanates from a dispute over fees for legal services rendered, was in sharp conflict with respect to the scope of the services that the defendant hired the plaintiff to perform. The trial court found that DeCaprio "testified truthfully and candidly" and that the defendant was not "entirely truthful or candid."

The Supreme Court's determination that DeCaprio's testimony was more credible than that of the defendant is supported by the record. Further, the record supports the conclusion that, in seeking the legal assistance of DeCaprio in connection with a Family Court petition filed by his former wife, the defendant told DeCaprio that he did not "want to pay a penny" in child support or college expenses with respect to his daughter. DeCaprio's testimony shows that the defendant took this "no pay position" despite DeCaprio's warning that "it was going to take a lot of time and a lot of money" to seek, or to obtain, an order that would completely absolve the defendant of any monetary obligation with respect to his daughter.

The record also supports the conclusion that the amount billed by DeCaprio for services that he rendered was consistent with the parties' agreement and the defendant was not "overbilled" (*Bryan L. Salamone, P.C. v Russo*, 129 AD3d 879, 882 [2015]; *cf. Tanenbaum v Molinoff*, 118 AD3d 774 [2014]).

In sum, the Supreme Court properly awarded a money judgment in favor of the plaintiff in the principal sum of $13,449.08 based on the first cause of action, which alleged breach of contract. We need not decide whether the second cause of action would have supported the judgment. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.