SABCO CORP., Respondent, v MARQUISE CONSTRUCTION CORP. et al., Appellants. [25 NYS3d 628]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Jamieson, J.), entered November 21, 2013, which, upon a decision of the same court dated August 30, 2013, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $135,266.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

In June 2008, the defendant Marquise Construction Corp. (hereinafter Marquise) entered into a contract with the Albert Wisner Public Library (hereinafter the owner) to construct a new library building (hereinafter the project). In February 2009, Marquise entered into a subcontract with the plaintiff Sabco Corp. (hereinafter Sabco), pursuant to which Sabco was to be paid the sum of $377,000 to perform certain carpentry work for the project. Pursuant to the subcontract, Marquise could terminate the subcontract at any time and, upon such termination, the amount due to Sabco would be based upon the percentage of its work that had been completed as of the date of termination. It further provided that the percentage of completion would be "determined and/or resolved by the Owner's determination of the percentage of completion." On June 3, 2009, Marquise terminated the subcontract. As of the termination date, Marquise had paid Sabco $177,795. Sabco then commenced this action seeking, inter alia, to recover the outstanding balance under the subcontract for its work, labor, and services. The Supreme Court determined that Sabco completed 75% of the work. As a result, the court found that Sabco was entitled to 75% of the outstanding bill, or $135,266, plus prejudgment interest. We reverse.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Fernandez v State of New York*, 130 AD3d 566, 566 [2015], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DeAngelis v DeAngelis*, 104 AD3d 901, 902 [2013]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]).

"[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to

its terms" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990] [internal quotation marks omitted]). Here, section 4.D of the subcontract provided that if Marquise terminated the subcontract, Sabco would be entitled to be paid based upon the percentage of completion of its work under the subcontract. Section 4.D further specified that the only relevant determination of the percentage of work completed by Sabco was that made by the owner. It was undisputed that the certifications for payment signed by the owner's architect were the only evidence submitted at trial of the owner's determination of the percentage of work completed. Here, the evidence at trial did not establish that Sabco had completed 75% of its work under the subcontract as of the termination date. Rather, the relevant certification for payment demonstrated that Sabco had completed 45% of its work under the subcontract. Consequently, as the evidence demonstrated that Sabco had completed 45% of its work under the subcontract, and had already received payment of $177,795, or 47.16% of the subcontract value, the Supreme Court should have found that Sabco was not entitled to any damages pursuant to section 4.D of the subcontract, and dismissed the complaint.

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.