■ HERTZL MOEZINIA, Respondent, v ALEXANDER ASHKENAZI, Appellant, et al., Defendant. [26 NYS3d 192]—

In an action, inter alia, to recover damages for breach of contract, the defendant Alexander Ashkenazi appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered February 1, 2013, which, upon a decision of the same court dated January 10, 2013, made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $720,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Hertzl Moezinia, negotiated a deal for the purchase of certain real property, and an agreement between the plaintiff, as purchaser, and nonparty Flushing Promenade, LLC, as seller, was drafted but not executed. Thereafter, the plaintiff entered into a written fee payment agreement with the defendant Alexander Ashkenazi (hereinafter the defendant), which provided, inter alia, that the defendant agreed to pay the plaintiff the sum of $1.5 million upon the closing of the sale of the property, pursuant to a contract of sale dated February 16, 2006, between Flushing Promenade, LLC, as seller, and the defendant, as purchaser. The payment in the sum of $1.5 million was to be in consideration of the plaintiff assigning his rights and interest in the property to the defendant. The fee

payment agreement further provided that if for any reason the closing did not occur, no amount was due to the plaintiff. The property was ultimately purchased by the defendant ABS Flushing Development, LLC (hereinafter ABS), in effect, by assignment of contract from the defendant. After the closing, the defendant paid the plaintiff the sum of $780,000, but refused to pay the remainder of the fee. The plaintiff then commenced this action, inter alia, to recover damages for breach of contract. After a nonjury trial, the Supreme Court found that the fee payment agreement was valid and enforceable, that the plaintiff fully performed under that agreement, and that the defendant breached the agreement by failing to pay the balance of the fee. In the judgment appealed from, the court awarded the plaintiff damages against the defendant in the principal sum of $720,000.

On an appeal from a judgment rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration in a close case the fact that the trial court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Law Offs. of Ronald V. DeCaprio v Boncoeur*, 134 AD3d 682 [2015]; *Kamalian v Community OB/GYN Assoc., PLLC*, 132 AD3d 814 [2015]). Upon our review of the record here, we find that the Supreme Court's judgment was warranted by the facts.

The parties to a contract are free to make their bargain, "even if the consideration exchanged is grossly unequal or of dubious value" (*Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 475 [1993]). Thus, absent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial review (*see id.* at 476). It is enough that something of real value was exchanged, and the fact that the seller may not have had a property right in what he or she sold does not, by itself, render a contract void for lack of consideration (*see id.*; *see also Spaulding v Benenati*, 57 NY2d 418, 425 [1982]).

Contrary to the defendant's contention, the Supreme Court properly found that the subject fee payment agreement was not void and unenforceable for lack of consideration. The evidence established that the plaintiff's interest in the property was a negotiated deal for its purchase, and pursuant to the fee payment agreement between the plaintiff and the defendant, the plaintiff permitted the defendant to step into his shoes in the negotiated deal and to substitute his name for that of the plaintiff, as the purchaser, in the contract of sale. Moreover,

the court properly found that the defendant failed to establish that the plaintiff fraudulently represented that he was assigning an executed purchase and sales agreement. While the credible evidence did not support the court's determination that the defendant was a member of ABS, the court properly determined, in the alternative, that the ultimate purchase by ABS was a closing as contemplated by the fee payment agreement.

Accordingly, the Supreme Court properly determined that the subject fee payment agreement was valid and enforceable and could not be rescinded on the basis of fraud, and that the defendant breached the agreement by failing to pay the balance of the fee. Mastro, J.P., Leventhal, Maltese and LaSalle, JJ., concur.