■ STL Restaurant Corp. et al., Respondents, v Microcosmic, Inc., et al., Appellants. Microcosmic, Inc., Appellant, v STL Restaurant Corp. et al., Respondents. [54 NYS3d 75]—

In an action, inter alia, to recover damages for breach of contract (Action No. 1), and a related action to recover on a promissory note and personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 (Action No. 2), which were joined for trial, Microcosmic, Inc., a defendant in Action No. 1 and the plaintiff in Action No. 2, and Thomas Bruckner, a defendant in Action No. 1, appeal from a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), dated March 26, 2015, which, upon a decision of the same court dated January 15, 2015, made after a nonjury trial, is in favor of STL Restaurant Corp. and Tom DeSantis, the plaintiffs in Action No. 1 and the defendants in Action No. 2, and against Microcosmic, Inc., and Thomas Bruckner in the total sum of $182,307.67 in Action No. 1 and dismissing Action No. 2.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding damages in favor of STL Restaurant Corp. and Tom DeSantis and against Thomas Bruckner in Action No. 1, and substituting therefor a provision dismissing the complaint insofar as asserted against Thomas Bruckner in Action No. 1; as so modified, the judgment is affirmed, without costs or disbursements.

Tom DeSantis entered into a written agreement with Microcosmic, Inc. (hereinafter Microcosmic), for the sale of a "Restaurant business." Microcosmic "represent[ed] and warrant[ed]" that the business was "being operated in accordance with all laws, ordinances and rules." DeSantis assigned his rights and obligations under the agreement to STL Restaurant Corp. (hereinafter STL) and personally guaranteed a promissory note in which STL agreed to pay a portion of the purchase price in installments. Less than one month after closing, the Town of Islip fire marshal responded to a kitchen fire at the business and cited DeSantis and STL for 11 violations. DeSantis thereafter discovered that the certificate of occupancy authorized the operation of a bar rather than a restaurant and that correcting the discrepancy would be prohibitively expensive.

DeSantis and STL commenced Action No. 1 against Microcosmic and Thomas Bruckner, the president of Microcosmic, seeking damages for, inter alia, breach of contract. DeSantis and STL thereafter stopped making payments under the note and surrendered the business to Microcosmic and Bruckner. Microcosmic then commenced Action No. 2 against DeSantis and STL to recover on the note and guaranty. The Supreme Court joined the actions for discovery and trial, and, after dismissing all of DeSantis and STL's causes of action in Action No. 1 except for breach of contract, conducted a nonjury trial. The court found in favor of DeSantis and STL and entered a judgment awarding them damages against both Microcosmic and Bruckner in Action No. 1 and dismissing Action No. 2. Microcosmic and Bruckner appeal. We modify.

On an appeal from a judgment rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration in a close case the fact that the trial court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Law Offs. of Ronald V. DeCaprio v Boncoeur*, 134 AD3d 682 [2015]; *Kamalian v Community OB/GYN Assoc., PLLC*, 132 AD3d 814 [2015]). Upon our review of the record here, we find that so much of the judgment as awarded damages against Microcosmic for breach of contract and dismissed Action No. 2 was warranted by the facts.

Nevertheless, the Supreme Court improperly awarded damages to DeSantis and STL against Bruckner personally. An agreement between parties or their attorneys relating to any matter in open court is binding upon the parties, even absent a

writing (*see Caroli v Allstate Ins. Co.*, 100 AD3d 941, 943 [2012]; *Sannella v Plainview Fire Dept.*, 136 AD2d 617 [1988]; *Sontag v Sontag*, 114 AD2d 892, 893 [1985]). Stipulations "spread upon the record in open court" are favored by the courts and will not be lightly cast aside (*Wilson v Wilson*, 35 AD3d 595, 596 [2006] [internal quotation marks omitted]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Strang v Rathbone*, 108 AD3d 565, 565-566 [2013]; *Matter of Siegel*, 29 AD3d 914 [2006]). Here, during a colloquy at the outset of the trial in which the court sought clarification about the parties' stipulated facts, counsel for DeSantis and STL stated, "[w]e only have a first cause of action left in this case. We're alleging breach of contract." Counsel then declared that "Microcosmic is the only defendant." DeSantis and STL identify nothing in the record indicating that their counsel's statements were a result of fraud, overreaching, mistake, or duress (*see Matter of Strang v Rathbone*, 108 AD3d at 565-566). Contrary to DeSantis and STL's arguments, these clear and unambiguous statements demonstrate that the parties agreed that the only issue to be decided at trial was whether Microcosmic had breached the agreement.

In any event, even if counsel's statements were ambiguous as to whether Bruckner was still a defendant, as DeSantis and STL argue, the facts adduced at trial did not support awarding damages against Bruckner. "It is an elementary principle of contract law that 'generally only parties in privity of contract may enforce terms of the contract' " (*LI Equity Network, LLC v Village in the Woods Owners Corp.*, 79 AD3d 26, 35 [2010], quoting *Freeford Ltd. v Pendleton*, 53 AD3d 32, 38 [2008]; *see Environmental Appraisers & Bldrs., LLC v Imhof*, 143 AD3d 756, 757 [2016]; *Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 104-105 [2009]; *Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600 [2007]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515 [1998]). The unrebutted evidence here, particularly the agreement and related documents listing only Microcosmic as the seller and signed by Bruckner only in his capacity as president of Microcosmic, established that Bruckner was not a party to the contract. Furthermore, "a corporation exists independently of its owners, who are not personally liable for its obligations, and . . . individuals may incorporate for the express purpose of limiting their liability" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011]; *see Superior Transcribing Serv., LLC v Paul*, 72 AD3d 675, 676 [2010]). The evidence presented at trial did not warrant piercing the corporate veil (*see Pourquoi*

*M.P.S., Inc. v Worldstar Intl., Ltd.*, 91 AD3d 839, 839-840 [2012]). Consequently, the Supreme Court should not have awarded damages against Bruckner (*see Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 182-183 [2008]; *Buehner v International Bus. Machs. Corp.*, 270 AD2d 299, 300 [2000]).

Microcosmic and Bruckner's remaining argument is academic in light of our determination. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.