Crifasi Real Estate, Inc. v Galasso (2018 NY Slip Op 00405)





Crifasi Real Estate, Inc. v Galasso


2018 NY Slip Op 00405


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-11087
 (Index No. 16565/09)

[*1]Crifasi Real Estate, Inc., appellant, 
v
Nancy Galasso, et al., respondents.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for appellant.
Kaiser Saurborn & Mair, P.C., New York, NY (David N. Mair and Goldberg & Rimberg PLLC [Israel Goldberg], of counsel), for respondents.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Queens County (Orin R. Kitzes, J.), entered September 14, 2015. The judgment, insofar as appealed from, upon (1) an order of that court dated December 23, 2009, granting that branch of the motion of the defendants Nancy Galasso and Amber Associates of NYC, LLC, which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against Amber Associates of NYC, LLC, (2) an order of that court dated September 3, 2014, inter alia, denying the plaintiff's motion for summary judgment on the complaint in the principal sum of $324,493.48 against the defendants Nancy Galasso and Amber Associates, Ltd., and (3) a decision of that court, made after a nonjury trial, is in favor of the plaintiff against only the defendant Amber Associates, Ltd., in the principal sum of only $74,701.45, and dismissed the amended complaint insofar as asserted against the defendants Nancy Galasso and Amber Associates of NYC, LLC.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover a real estate brokerage commission pursuant to an exclusive listing agreement dated January 22, 2008 (hereinafter the ELA). The ELA, which consisted of a pre-printed, one-page form with handwritten changes made by the defendant Nancy Galasso, provided, in relevant part, that "[t]he undersigned" agreed to pay a commission to the plaintiff in the event the subject property "is sold or leased." The agreed commission was five percent of the first three years' rent and two percent of the rent for the balance of the term, with no commission payable on taxes. The ELA contained two separate, pre-printed signature lines, each marked "OWNER." Galasso handwrote the name of the defendant Amber Associates, Ltd. (hereinafter Amber Ltd.), on the first signature line, and signed her name on the second one, directly underneath.
A tenant was found for the subject property, and a sublease was later entered into on April 1, 2009, between the defendant Amber Associates of NYC, LLC (hereinafter Amber LLC), and nonparty DZH Import & Export, Inc. (hereinafter DZH). The sublease provided that the tax for the fiscal year in which the sublease commenced was included as part of the rent, and that any future tax [*2]increases would be payable by DZH to Amber LLC as additional rent. The term of the sublease was 21 years, consisting of an initial 3-year period and an option for the remaining 18 years, which was contingent upon the renewal by a nonparty of the ground lease covering the subject property as well as two adjacent lots.
Amber LLC successfully moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, on the grounds that it was not a party to the ELA and that the plaintiff had otherwise failed to articulate any cause of action against it. After a nonjury trial, the Supreme Court dismissed the complaint insofar as asserted against Galasso, finding that she had not entered into the ELA in her individual capacity, but only on behalf of Amber Ltd., and entered judgment in favor of the plaintiff and against Amber Ltd. in an amount equivalent to five percent of the rent for the first three years of the sublease, after deduction of real estate taxes. The plaintiff appeals.
"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Split Rock Devs., LLC v Zartab, Inc., 135 AD3d 845, 846; see Fernandez v State of New York, 130 AD3d 566, 566).
Contrary to the plaintiff's contention, the evidence adduced at trial supports the Supreme Court's finding that Galasso did not sign the ELA in her personal capacity, but only on behalf of Amber Ltd. The court's further finding that the commission payable by Amber Ltd. to the plaintiff must be calculated by deducting the amount of real estate taxes from the rent payable by DZH is supported both by the unambiguous language of the ELA as well as the evidence adduced at trial. Moreover, the court's finding that the commission must be calculated based only on the rent payable during the first three years of the sublease is supported by proof that the remaining 18-year period of the sublease was subject to a contingency that was beyond Amber LLC's control.
The plaintiff's remaining contentions are without merit.
Accordingly, we decline to disturb the Supreme Court's determination (see Moezinia v Ashkenazi, 136 AD3d 988; Split Rock Devs., LLC v Zartab, Inc., 135 AD3d at 846; Law Offs. of Ronald V. DeCaprio v Boncoeur, 134 AD3d 682; Fernandez v State of New York, 130 AD3d at 566).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court