Jeffrey Isaray, Respondent,
against
Theudia Chambers and Top Level Performance, Inc., Appellants.




Theudia Chambers and Top Level Performance, Inc., appellants pro se.
The Donaldson Law Firm (Stephen Donaldson of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Second District (Joseph Girardi, J.), entered May 10, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000 as against defendants Theudia Chambers and Top Level Performance, Inc.




ORDERED that so much of the appeal as was taken by defendant Top Level Performance, Inc. is dismissed as abandoned; and it is further,
ORDERED that the judgment, insofar as reviewed, is reversed, without costs, and the matter is remitted to the District Court for the entry of an amended judgment dismissing so much the action as is against defendant Theudia Chambers.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, alleging breach of warranty and failure to provide proper service to his automobile. At a nonjury trial, defendants contested neither the amount of plaintiff's damages nor the liability of defendant Top Level Performance, Inc. (Top Level) to plaintiff. Rather, the sole issue raised was that defendant Theudia Chambers was not individually liable. Defendant Chambers testified that, by the date of the trial, Top Level's business had closed and the corporation had been dissolved. She stated that she had been a corporate officer of defendant Top Level, but that her involvement with Top Level had been limited to attending monthly corporate meetings, opening Top Level's mail, and paying its bills, and that she had not participated in the repair of any vehicles.
Following the trial, a judgment was entered against both defendants in the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of [*2]credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Defendant Chambers's status as an officer of the corporate defendant did not provide a basis for finding her liable to plaintiff or awarding a judgment against her (see e.g. STL Rest. Corp. v Microcosmic, Inc., 150 AD3d 786, 788 [2017]). Consequently, the judgment, insofar as it is against defendant Chambers, failed to render substantial justice between the parties in accordance with the rules and principles of substantive law (see UDCA 1804, 1807).
So much of the appeal as was taken by defendant Top Level is dismissed as abandoned, as defendants' brief makes no argument with respect to that defendant. We reach no other issue.
Accordingly, so much of the judgment as is against defendant Theudia Chambers is reversed and the matter is remitted to the District Court for the entry of an amended judgment dismissing so much of the action as is against her.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018