Benjamin v Yeroushalmi (2019 NY Slip Op 08648)





Benjamin v Yeroushalmi


2019 NY Slip Op 08648


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-07840
 (Index No. 3563/14)

[*1]Jim Benjamin, et al., respondents, 
v
Moussa Yeroushalmi, et al., appellants, et al., defendants.


Law Office of Steven Cohn, P.C., Carle Place, NY (Matthew Feinman of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Stanley A. Camhi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated April 25, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint.
ORDERED that the order is modified, on the law, (1) by deleting from the second decretal paragraph thereof the words "in the form annexed as exhibit 11' to the motion papers," and (2) deleting the third decretal paragraph thereof, and substituting therefor a provision directing the plaintiffs to serve a second amended complaint omitting the first cause of action in the proposed second amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The underlying facts of this case are set forth in our decision and order on a related appeal from an order entered May 6, 2016 (see Benjamin v Yeroushalmi, ____ AD3d ____ [Appellate Division Docket No. 2016-05873; decided herewith]).
In the order entered May 6, 2016, the Supreme Court, inter alia, granted those branches of the motion of the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi (hereinafter together the Yeroushalmi defendants) which were pursuant to CPLR 3211(a) to dismiss the first cause of action in the amended complaint, alleging breach of contract, and the seventh cause of action in the amended complaint, alleging breach of fiduciary duty. In June 2016, the plaintiffs moved for leave to reargue their opposition to those branches of the Yeroushalmi defendants' motion which were to dismiss the first and seventh causes of action and pursuant to CPLR 3025(b) to amend the amended complaint to assert two new causes of action alleging breach of fiduciary duty and unjust enrichment/constructive trust. The court, upon reargument, adhered to the prior determination granting those branches of the Yeroushalmi defendants' motion which were to dismiss the first and seventh causes of action, and granted that branch of the plaintiffs' motion which was for leave to amend the amended complaint, in the form of the proposed second amended complaint submitted with the plaintiffs' motion papers. The Yeroushalmi defendants appeal.
Contrary to the Yeroushalmi defendants' contentions, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to amend the amended complaint by asserting an amended version of the breach of fiduciary duty cause of action and a cause of action alleging unjust enrichment/constructive trust (see CPLR 3025[b]; Mawere v Landau, 170 AD3d 826, 827; Lucido v Mancuso, 49 AD3d 220, 222). The allegations in the proposed second amended complaint adequately allege the elements of a cause of action to recover damages for breach of fiduciary duty with respect to the joint venture relating to the property located in Mineola (see Birnbaum v Birnbaum, 73 NY2d 461, 465-466; A.G. Homes, LLC v Gerstein, 52 AD3d 546, 548; Salm v Feldstein, 20 AD3d 469, 470). Similarly, the allegations in the proposed second amended complaint adequately allege the elements of a cause of action to recover damages for unjust enrichment and for a constructive trust relating to the property located in Mineola (see Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730; Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039; Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201).
However, the second and third decretal paragraphs of the order appealed from do not conform to the Supreme Court's actual determination of the plaintiffs' motion. Specifically, the court, in considering that branch of the plaintiffs' motion which was for leave to reargue, adhered to its prior determination in the order entered May 6, 2016, granting that branch of the Yeroushalmi defendants' motion which was to dismiss the first cause of action, alleging breach of contract. The second and third decretal paragraphs in the order appealed from are inconsistent with that determination, as they erroneously allowed the proposed second amended complaint to be deemed served, even though it still contained the previously dismissed first cause of action, which dismissal the court adhered to upon granting reargument. Consequently, we modify the order appealed from by deleting language in the second decretal paragraph and deleting the third decretal paragraph in accordance with the body of the order appealed from, and substituting a provision directing the plaintiffs to serve a second amended complaint without the first cause of action, alleging breach of contract.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court