45-51 Ave. B LLC v East Coast Fish Mkt. Inc. (2023 NY Slip Op 51019(U))

[*1]

45-51 Ave. B LLC v East Coast Fish Mkt. Inc.

2023 NY Slip Op 51019(U)

Decided on September 28, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 28, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

23-038

45-51 Avenue B LLC, Petitioner-Landlord-Appellant, 
against
East Coast Fish Market Inc. d/b/a Lamia's Fish Market, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), dated January 18, 2023, which denied its motion to restore the matter to the calendar in a commercial nonpayment proceeding.

Per Curiam.
Order (Jose A. Padilla, Jr., J.) dated January 18, 2023, reversed, with $10 costs, motion granted, and matter is restored to the calendar for further proceedings consistent herewith.
In a two-attorney stipulation, the limited liability company landlord and corporate tenant agreed to mark the underlying commercial nonpayment proceeding off the calendar pending resolution of an ongoing New York County matrimonial action between the parties' respective principals. The stipulation also provided that the corporate tenant would pay specified use and occupancy and accruing additional rent pendente lite, and that the matter could be restored upon motion or stipulation. After tenant failed to make required payments, Civil Court denied landlord's motion to restore, finding that the case could not be restored until the matrimonial litigation concluded.
We reverse. It was an improvident exercise of discretion for Civil Court to deny landlord's motion to restore the proceeding to enforce the payment provision of the stipulation. The clear language of the stipulation shows that the parties agreed that, while the case was marked off calendar, tenant would pay use and occupancy. Upon tenant's failure to pay use and occupancy, landlord properly moved to restore the case on the issue of tenant's noncompliance with the stipulation (see Sannella v Plainview Fire Dept., 136 AD2d 617 [1988]). "Strict enforcement of the parties' stipulation ... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]).
We reject tenant's contention that Domestic Relations Law § 236(B)(2)(b) and Uniform Rules for Trial Courts (22 NYCRR) § 202.16-a bar the relief requested by landlord. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2023